UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : |
| | : CIVIL ACTION NO: 3:02CV637 (JCH) |
| Plaintiffs, | : |
| v. | : |
| ZIMMER, INC., | : |
| Defendant. | : MARCH 7, 2006 |

## ZIMMER, INC.'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, defendant Zimmer, Inc. ("Zimmer") respectfully moves the Court for entry of an order granting summary judgment in Zimmer's favor on Plaintiffs' remaining claims. In support of its Motion Zimmer states as follows:

1.  On remand from the Second Circuit, Plaintiffs have two remaining claims: (1) Ms. Bogdan's claim under the Connecticut Product Liability Act ("CPLA") that the Zimmer hip she received was defective; and (2) Mr. Bogdan's derivative claim for loss of consortium. The undisputed facts establish that Zimmer is entitled to judgment as a matter of law on both of those claims.

2.  Ms. Bogdan's product liability claim is time-barred because her claim accrued more than three years before she filed suit. As a matter of law, Ms. Bogdan either discovered or should have discovered actionable harm at the latest on July 16, 1996, the date she underwent surgery to replace her Zimmer hip implant. She did not file this action until more than three years after that date.

**ORAL ARGUMENT REQUESTED**

3. Further, Ms. Bogdan's allegations regarding facts she claims to have discovered in 2001 are of no moment. Ms. Bogdan did not need to discover Zimmer's identity and allegations that the Zimmer hip implant might be defective to discover actionable harm.

4. To the extent this Court chooses to address those post-revision events, which Zimmer believes it need not do, the undisputed facts establish that Ms. Bogdan should have discovered Zimmer's identity and the publicly available information regarding allegations of defect more than three years before she filed suit.

5. For the foregoing reasons, Ms. Bogdan's CPLA claim is time barred as a matter of law.

6. Mr. Bogdan's loss of consortium claim, the only other remaining claim, fails because it is derivative of his wife's time-barred claim.

7. This Motion is based on the accompanying Memorandum of Law in Support of Zimmer, Inc.'s Motion for Summary Judgment on Stacia and Frank Bogdan's Claims, the annexed Local Rule 56(a)1 Statement, the Appendix, the papers and pleadings on file in this action, and other material that may be brought to the Court's attention prior to its ruling.

WHEREFORE, defendant Zimmer, Inc. respectfully requests that the Court enter an order granting summary judgment in Zimmer's favor on Plaintiffs' two remaining claims, and award Zimmer all available relief including its costs.

Dated: March 7, 2006                    Respectfully submitted,

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone: (260) 497-6000
Facsimile: (260) 497-6019
E-mail: albert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Robert E. Koosa (ct26191)
**DAY BERRY & HOWARD, LLP**
CityPlace I
Hartford, CT 06103-3499
Telephone: (860) 275-0100
Facsimile: (860) 275-0343
E-mail:   fhmorrison@dbh.com
          rekoosa@dbh.com

Attorneys for Defendant Zimmer, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2006 I electronically filed the foregoing **Zimmer, Inc.'s Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Robert I. Reardon, Jr.
>The Reardon Law Firm, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut 06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

>None

>/s/     Albert J. Dahm
>Albert J. Dahm (ct21710)
>**DAHM & ELVIN, LLP**
>9604 Coldwater Road, Suite 201
>Fort Wayne, IN 46825
>Telephone: (260) 497-6000
>Facsimile: (260) 497-6019
>E-mail: albert.dahm@dahmelvin.com