UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : | |
| | : | CIVIL ACTION NO: 3:02CV637 (JCH) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | MAY 5, 2006 |

### ZIMMER, INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Zimmer, Inc. ("Zimmer"), by counsel, submits its opposition to Plaintiffs' Motion for Extension of Time to File Objection to Defendant's Motion for Summary Judgment ("Motion"). For the reasons set forth below, Plaintiffs' Motion should be denied because Plaintiffs fail to meet the good cause standard set forth in Local Rule 7(b)(2).

### Background and Procedural History

This medical device product liability lawsuit is before the Court after remand from the Second Circuit Court of Appeals. Mr. and Mrs. Bogdan originally filed their three count complaint on April 10, 2002 alleging: (1) a claim under the Connecticut Product Liability Act ("CPLA"), (2) a claim under the Connecticut Unfair Trade Practices Act ("CUPTA"), and (3) a claim for common law fraud. Mr. Bogdan stated a derivative claim for loss of consortium.

The parties agreed that discovery in this matter should be limited to statutes of limitations issues and "merits" discovery should be stayed. After conducting that discovery, Zimmer moved on December 5, 2002 for summary judgment arguing that all three of Mrs. Bogdan's claims were time-barred by the applicable Connecticut statutes of limitations, and, as a result, Mr. Bogdan's

derivative loss of consortium claim should be summarily dismissed.  On March 29, 2005, the District Court granted that motion, finding that the three claims were time-barred, and entered judgment in Zimmer's favor.  *Dunn v. Zimmer, Inc.* No. 3:00cv1306, 2005 WL 752214, *1 (D. Conn. Mar. 29 2005)(Squatrito, J).

Plaintiffs appealed and on January 6, 2006, the Second Circuit issued its order affirming in part and vacating in part the District Court's judgment.  *Bogdan v. Zimmer, Inc.*, No. 05-2087, 2006 WL 41286, *1 (2d Cir. Jan. 6, 2006).  The Second Circuit held that the District Court correctly found that Plaintiff's CUPTA and fraud claims were time-barred.  *Id.* at *3.  As to Plaintiff's remaining CPLA claim, the Second Circuit held that this Court stated an incorrect standard:  "namely, that plaintiff 'could' have discovered her cause of action no later than 1998."  *Id.* at *2.  The Second Circuit "remand[ed] so that the District Court may consider plaintiff's [CPLA claim] under the proper standard."  *Id.*

After remand, on January 20, 2006, this Court ordered the parties to a mandatory settlement conference.  That conference originally was scheduled for March 30, 2006.  When Magistrate Judge Smith set that conference he ordered that "[c]ounsel shall be accompanied by the appropriate persons with authority to settle" citing *Nick v. Morgan's Foods*, 99 F. Supp.2d 1056, 1062-63 (E.D. Mo. 2000).  Counsel were further ordered to "advise their respective principles and insurance adjusters of the *Nick* decision."  (January 25, 2006 E-Filed Notice).

A few weeks before that March conference was scheduled to take place, Plaintiffs' counsel sought to change the date because of scheduling difficulties.  On March 14, 2006, Magistrate Judge Smith rescheduled the settlement conference for May 2, 2006.  In so doing, he again advised counsel of the *Nick* decision and the need to have the appropriate persons at the conference.  (March 14, 2006 E-Filed Notice).

In the interim, Zimmer did renew its summary judgment motion so the Court could examine Mrs. Bogdan CPLA claim under the correct standard. Plaintiffs correctly point out that, because their counsel had not formally appeared, in Bogdan they were not electronically served. Zimmer pointed this out to Plaintiffs' counsel who formally entered an appearance and Zimmer re-served its summary judgment papers. Plaintiffs' response is due May 16, 2006.

Plaintiffs also correctly state that the parties appeared at the May 2, 2006 settlement conference. Zimmer's counsel was present along with a Zimmer representative who had full authority to settle this matter, per the Court's directive. Plaintiffs also were present with their counsel. While Plaintiffs correctly point out that "settlement discussions could not be completed until the issue of whether the Plaintiff has a Medicare lien is resolved," Motion at p. 2, it was clear to all concerned that Plaintiffs never bothered to explore this issue prior to the conference nor did they ensure that the appropriate person with authority to resolve that lien was present at the conference. As a result of those failures, the conference ended with the Plaintiffs' counsel being directed to figure out the Medicare lien and to have someone present at a future conference who has authority to resolve this lien. Motion at 2.

## **Argument**

Local Rule 7(b)(2) provides that motions for extension of time regarding summary judgments "will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D.Conn. L.R. 7(b)(2).

Plaintiffs completely ignore this standard. Their desire to have an unlimited extension "until after the conclusion of" a settlement conference which has not even been set does not meet either the letter or spirit of the good cause standard. Had Plaintiffs followed the Court's orders,

the principles of *Nick*, and those decisions relying on *Nick*, e.g., *Omega Engineering, Inc. v. Omega, SA*, 2004 WL 2191588, *1 n.2 (D. Conn. 2004) the first conference would not have been "foredoomed." "The court's [settlement conference] order cited the *Nick* decision because that decision explains why the presence of a decision-maker is necessary if a conference is to enjoy a reasonable chance of success, and why the absence of a person with authority to bind a party usually foredooms such a conference." *Omega Engineering, Inc. v. Omega, SA*, 2004 WL 2191588, *1 n.2 (D. Conn. 2004). Here, the absence of any initiative by Plaintiffs to explore the lien issue prior to the May 2, 2006 settlement conference coupled with the failure to have someone with authority available to resolve the lien did indeed foredoom this conference.

Moreover, whether or not another settlement conference is scheduled in no way explains why Plaintiffs cannot meet the time limitation to oppose Zimmer's motion for summary judgment. Plaintiffs offer no reason why the time limitation "reasonably cannot be met." They simply do not want to meet it. Such a motivation, particularly in light of what occurred at the May 2, 2006 settlement conference, does not constitute good cause. Consequently, Plaintiffs' Motion should be denied.

Dated: May 5, 2006                    Respectfully submitted,

/s/      Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone: (260) 497-6000
Facsimile: (260) 497-6019
E-mail: albert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Robert E. Koosa (ct26191)
**DAY BERRY & HOWARD, LLP**
CityPlace I
Hartford, CT 06103-3499

Telephone: (860) 275-0100
Facsimile: (860) 275-0343
E-mail: fhmorrison@dbh.com
rekoosa@dbh.com

Attorneys for Defendant Zimmer, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006 I electronically filed the foregoing **Zimmer, Inc.'s Opposition to Plaintiffs' Motion for Extension of Time** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Robert I. Reardon, Jr.
>The Reardon Law Firm, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

>None


>/s/     Albert J. Dahm
>Albert J. Dahm (ct21710)
>**DAHM & ELVIN, LLP**
>9604 Coldwater Road, Suite 201
>Fort Wayne, IN 46825
>Telephone:  (260) 497-6000
>Facsimile:  (260) 497-6019
>E-mail:  albert.dahm@dahmelvin.com