UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : <br> : CIVIL ACTION NO: 3:02CV637 (JCH) <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| ZIMMER, INC., | : <br> : |
| Defendant. | : MAY 31, 2006 |

### ZIMMER, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Zimmer, Inc. ("Zimmer"), by counsel, submits its Reply in Support of Its Motion for Summary Judgment.

## I.
## INTRODUCTION

Zimmer demonstrated in its opening memorandum that Mrs. Bogdan's Connecticut Products Liability Act ("CPLA") claim, her only remaining claim, is governed by a three year statute of limitations; that by statute, CPLA claims must be brought within three years from the date when injury is first sustained or discovered or in the exercise of reasonable care should have been discovered; that in the context of a removed implant such as a hip implant actionable harm occurs at the latest when the implant is removed from the plaintiff; that Mrs. Bogdan underwent revision surgery on July 16, 1996; and that because she did not file her lawsuit until almost six years later on April 10, 2002, her CPLA claim is time-barred. (Mem. Law Supp. Zimmer, Inc.'s Mot. Summ. J. ("Mem.") 4-26.)  Zimmer also demonstrated its entitlement to summary judgment on Mr. Bogdan's loss of consortium claim because derivative claims like his fail as a matter of law when the main claim fails as a matter of law. (Mem. 26-27.)

**ORAL ARGUMENT REQUESTED**

In their response to Zimmer's motion, the Bogdans (a) argue that the question of when a plaintiff in the exercise of reasonable care should have discovered actionable harm "ordinarily" is a question reserved for the trier of fact; (b) argue that the continuing course of conduct doctrine applies in this case and tolls the otherwise expired limitations period; and (c) engage in an irrelevant discussion about their version of the merits of this case. (Pls.' Mem. Opp'n Def. Zimmer, Inc.'s Mot. Summ. J. ("Opp. Mem.") 3-24.) They are wrong on all three counts. The question of whether Mrs. Bogdan's claim is time-barred is not a question of fact because there are no genuine issues of material fact. The Bogdans waived their continuing course of conduct argument by not raising it in their appeal. Finally, the Bogdans' assertions about the merits are irrelevant and often wrong. Accordingly, the Court should grant Zimmer's motion.

## II.
## ARGUMENT

A.  **Because Plaintiffs Fail to Comply with Local Rule 56(a), The Court Should Deem All Material Facts in Zimmer's Rule 56(a)1 Statement Admitted.**

Plaintiffs were required to file and serve a "Local Rule 56(a)2 Statement" that responds to each allegation in Zimmer's Rule 56(a)(1) Statement. D. Conn. R. 56(a)2, 4. Plaintiffs made no attempt to comply with the letter or spirit of these rules. Consequently, the Court should deem each of Zimmer's statements of material fact set forth in its Rule 56(a)1 Statement admitted. D. Conn. R. 56 (a)1. *Vines v. Callahan*, 352 F. Supp. 2d 211, 212 n.1 (D. Conn. 2005) (deeming admitted each fact in movant's Rule 56(a)1 Statement because plaintiff failed to provide a complete Rule 56(a)2 Statement). In addition, the Court should not consider Plaintiffs' "Statement of Facts," embedded in their Opposition, because it fails to respond to Zimmer's Statement or identify any disputed issues of material fact as required by Rule 56(a)2. *DeRossi v.*

*Nat'l Loss Mgmt.*, 328 F. Supp. 2d 283, 285 n.1 (D. Conn. 2004) (holding there were no genuine issues of material fact where denials fail to abide by local rules).[1]

**B.    The Statute of Limitations Bars Mrs. Bogdan's Product Liability Claim.**

The Bogdans primarily rely on *Tarnowsky v. Socci*, 271 Conn. 284, 956 A.2d 408 (2004) for their argument that (a) when actionable harm occurred here is a question of fact "reserved for the trier of fact," (Opp. Mem. 20) and (b) actionable harm could not have occurred earlier than November 2001 because that is the date when Mrs. Bogdan "received information that the device may have caused her injury, as well as information as to Zimmer's identity[.]"  (Opp. Mem. 7, 19.)  Plaintiffs' reliance is misplaced.

Contrary to Plaintiffs' argument, the question of when actionable harm occurred may be resolved as a matter of law.  Indeed, in *Lagassey v. State*, 268 Conn. 723, 846 A.2d 831 (2004), on which Plaintffs rely, the Connecticut Supreme Court recognized as much:

> In that regard, although our cases make clear that the point at which a plaintiff discovered or in the exercise of reasonable care should have discovered an injury is generally a question of fact, that issue has been resolved as a matter of law on some occasions.

*Id.*, 268 Conn. at 739, 846 A.2d at 841.  The Bogdans' interpretation of *Tarnowsky* and *Lagassey* is further refuted by the Second Circuit's decision in *Gnazzo v. G.D. Searle*, 973 F.2d 136 (2d Cir. 1992), where the court affirmed summary judgment in a medical device product liability case holding that the undisputed facts established as a matter of law the date on which the plaintiff had discovered her injury.  *Id.* at 138.  The Sixth and Tenth Circuits' decisions in *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878 (10th Cir. 2005), *Michals v. Baxter Healthcare Corp.*, 289 F.3d 402, 407-08 (6th Cir. 2002), and *Sawtell v. E.I. du Pont de Nemours & Co.*, 22 F.3d

---

[1] As set forth in Zimmer's separate Motion to Strike, much of the evidence that supposedly supports these "statements of fact" is inadmissible or otherwise should not be considered by the Court in deciding whether Zimmer is entitled to summary judgment.

3

248, 252 (10th Cir. 1994), also affirm summary judgments in defendants' favor on the discovery rule. *Norris*, 397 F.3d at 887-88; *Michals*, 289 F.3d at 407-08; *Sawtell*, 22 F.3d at 252. The Bogdans cite no case holding that the question of when a plaintiff discovered injury *never* can be resolved on a motion for summary judgment. There is no support for the Bogdans' position.

Moreover, as Zimmer established in its opening memorandum, *Tarnowsky* is readily distinguishable. (Mem. 23-24.) We could find no case expanding the rule announced in *Tarnowsky* to a product liability case or to the statute at issue and Plaintiffs have not cited any authority for that point.

Further, regardless of whether *Tarnwosky* is applicable on the law, it is distinguishable on the facts. As the *Tarnowsky* Court stated, "the rule that we adopt in this case applies only when the plaintiff did not know, and reasonably *could* not have known, the identity of the tortfeasor." *Id.* at 295 (emphasis added). Unlike the *Tarnowsky* plaintiff who reasonably may not have known someone else was involved in clearing snow, it is unreasonable to suggest that a medical device product liability plaintiff does not know some entity manufactured her implant. Indeed, the indisputable facts show that Zimmer's identity was contained in Mrs. Bogdan's medical records. (Zimmer, Inc.'s Local Rule 56(a)1 Statement ¶ 10.) Mrs. Bogdan reasonably could have known Zimmer's identity because the information was contained in her medical records. Plaintiffs misunderstand Zimmer's argument on this point. (Opp. Mem. 15.) We are not arguing that Mrs. Bogdan knew Zimmer's identity simply because the peel-n-stick labels were included in her medical records; rather, that the readily available information establishes that the rule of law enunciated in *Tarnowsky* simply does not apply here.[2]

---

[2] Plaintiffs completely ignore the persuasive logic of *Cambridge Plating Co. v. Napco, Inc.* 991 F.2d 21, 28 (1st Cir. 1993), apparently conceding that on the facts presented here there is no distinction between "could" and "should."

Also unavailing is Plaintiffs' attempt to distinguish the various medical device product liability statutes of limitations cases cited in Zimmer's opening memorandum. (Mem. 9-17.) The Bogdans' primary basis for attempting to distinguish those cases is their oft-repeated refrain that Mrs. Bogdan "was not given any reason to believe that the pain and symptoms she experienced after undergoing the [hip replacement] were the result of a *defective* medical device." (Opp. Mem. 16.) This refrain is discordant for several reasons. First, as in this case, none of the physicians in the cases relied on by Zimmer told the plaintiff that the medical device was defective. Second, even if they had, the Second Circuit expressly has rejected the requirement of a defect diagnosis as a predicate to the discovery of actionable injury. *Gnazzo*, 973 F.2d at 138. Third, the facts do not support a conclusion that Mrs. Bogdan needed to be told that the Centralign allegedly was defective before she discovered it had caused her harm. Mrs. Bogdan was fully aware the symptoms and harm she experienced were attributable to the Centralign "as evidenced by her decision to have [it] removed and replaced at the advice of her physician in order to ameliorate the injury." *Michals*, 289 F.3d at 407-08. Further, she testified that she believed the Centralign was faulty solely because it loosened and needed to be replaced so soon after it was installed. (Zimmer's Local Rule 56(a)1 Statement ¶ 38.)[3] Indeed, this is the precise allegation she made in her complaint. When she did sue Zimmer, she alleged the device was defective because it loosened so soon after it was implanted. She did not need Dr. Moeckel to tell her the Centralign was the subject of a lawsuit to inform her it loosened so soon after it

---

[3] Plaintiffs try to create an issue of fact by tendering Mrs. Bogdan's May 11, 2006 affidavit. In that affidavit she testifies that "[q]uite simply, I concluded that the loosening of the hip implant was a potential complication that sometimes occurs in the aftermath of such procedures, and I had no reason whatsoever to believe that my hip prosthesis was defective." Apart from the Rule 56(a) violations discussed above in section II. A., "it is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment.'" *See, e.g., Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995). As set forth in Zimmer's Motion to Strike, Ms. Bogdan testified in her deposition that she concluded that the Centralign was faulty because it loosened so soon after implantation, directly contradicting the affidavit and rendering the affidavit inappropriate for consideration by this Court. (Zimmer's Mem. Supp. Mot. Strike 6.)

was installed.  In short, Mrs. Bogdan should have discovered actionable harm at the latest on the date of her revision surgery.

C. **Plaintiffs Waived Their Continuing Course Of Conduct Argument By Not Challenging This Court's Ruling In Their First Appeal.**

In this Court's ruling on Zimmer's original Motion for Summary Judgment, the Court rejected Plaintiffs' argument that the statute of limitations was tolled because Zimmer's conduct was part of a continuing course of conduct.  *Dunn v. Zimmer, Inc.*, No. 3:00CV1306(DJS), 3:03CV637(DJS), 2005 WL 752214, at *5 (D. Conn. Mar. 29, 2005).  This Court held that any duty to warn ended on the date of Ms. Bogdan's revision surgery – more than three years before Plaintiffs filed their complaint.  *Id.* at *4.  Plaintiffs did not appeal this Court's ruling on their continuing course of conduct argument.  Accordingly, the Court's ruling has become the law of the case and Plaintiffs cannot revisit the issue.

Under the law of the case doctrine, where a trial court ruled on an issue in an earlier stage of the case, and that ruling could have been but was not challenged on appeal, the ruling is binding in subsequent stages of the case.  *United States v. Ben Zvi*, 242 F.3d 89, 95-96 (2d Cir. 2001) (defendant waived right to challenge portions of conviction by not raising them in first appeal); *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 1348 (Fed. Cir. 2001) (defendant waived right to challenge punitive damages award by not raising issue in first appeal); *Schering Corp. v. Illinois Antibiotics Co.*, 89 F.3d 357, 358 (7th Cir. 1996) (defendants waived right to challenge exclusion of testimony by not raising issue in first appeal); *Glass v. United States*, 53 Fed. Cl. 33, 34 (2002) (plaintiffs waived right to argue that they were direct parties to contract by not raising issue in first appeal).  Here, Plaintiffs could have challenged this Court's ruling on the continuing course of conduct issue before the Second Circuit.  They did not.  Consequently, they have waived the issue and the Court should not consider their argument.

Moreover, this Court's consideration of Plaintiffs' product liability claim is limited by the scope of the Second Circuit's remand. Under the "mandate rule," where further proceedings in the district court are specified in the mandate of the Court of Appeals, the district court is limited to considering only the issues on which the Court of Appeals expressly remanded. *Henderson v. Stalder*, 407 F.3d 351, 354 (5th Cir. 2005) (where appellate court remanded for dismissal and to allow one plaintiff to amend complaint, district court could not allow other plaintiffs to amend and assert additional claims); *Ben Zvi*, 242 F.3d at 95 (where appellate court remanded only to reconsider sentencing, district court could not consider on remand issues relating to merits of conviction). Here, the Second Circuit reversed, holding that this Court applied the wrong standard in determining whether the discovery rule bars Plaintiffs' product liability claim. *Bogdan v. Zimmer, Inc.*, 165 F. App'x 883, 885 (2d Cir. 2006). The Second Circuit stated: "Accordingly, because the District Court's analysis in this regard was in error, we remand so that the District Court may consider plaintiff's claims under the proper standard." *Id.* at 885-86. Because the Second Circuit remanded only for purposes of applying the correct discovery rule standard, this Court cannot consider Plaintiffs' continuing course of conduct argument.

Even if the Court were to consider the Bogdan's continuing course of conduct argument, it should conclude, as it did last time, that the argument fails. It is well-established that the "continuing course of conduct" doctrine tolls the statute of limitations only where (a) there was evidence of a "special relationship" between the parties or (b) "some later wrongful conduct of a defendant related to the prior act." *Fichera v. Mine Hill Corp.*, 207 Conn. 204, 210, 541 A.2d 472, 474 (1988). Here, the Bogdans rely solely on Zimmer's alleged conduct to support the doctrine's application. Connecticut courts require a plaintiff seeking to invoke the continuing course of conduct doctrine to establish a nexus between the defendant's "continuing" conduct

7

and the plaintiff's injury, and have refused to apply the doctrine where the "continuing" conduct occurs after the alleged harm already has occurred; stated differently, the conduct supporting the doctrine must occur at a time when it makes a difference. *See, e.g.*, *Sanborn v. Greenwald*, 39 Conn. App. 289, 296, 664 A.2d 803, 808 (1995). After reviewing the cases in which Connecticut courts have applied the doctrine, the court in *Sanborn* explained that "[i]n each of these cases, the plaintiff's injury was perpetuated, enhanced and even caused by the breach of a duty on the part of the defendant." *Id.; see also Fichera*, 207 Conn. 204, 209-10, 541 A.2d at 474-75 (refusing to apply continuing course of conduct doctrine where the asserted basis for tolling the limitations period was conduct after the relevant transaction was complete).

Here, Zimmer's ability to injure the Bogdans ended at the very latest on the date of Mrs. Bogdan's revision surgery. No action or inaction by Zimmer after that date had any bearing on Mrs. Bogdan whatsoever because the Centralign had been removed from her body. Accordingly, there can be no nexus or link as required under Connecticut law between Zimmer's alleged post-sale failure to warn and any injury to the Bogdans after the date of the revision surgery.

Without designating it as a separate argument, the Bogdans raise a claim of fraudulent concealment along with their continuing course of conduct argument. The Court should reject this claim as well for the reasons set forth above. Further, intent and an affirmative act of concealment are necessary elements of a fraudulent concealment claim. *Hamilton v. Smith*, 773 F.2d 461, 468 (2d Cir. 1985) (citing *Zimmerer v. Gen. Elec. Co.*, 126 F. Supp. 690, 693 (D. Conn. 1954)). Here, there is no evidence raising a material issue of fact on either element. The Bogdans assert without citation to any evidence that Zimmer engaged in "repeated and continuing attempts to conceal the dangerous and defective propensities of the Centralign." (Opp. Mem. 23.) Such conclusory allegations and unsubstantiated speculation cannot defeat

summary judgment. *See Byrnie v. Cromwell Bd. of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001) (non-moving party may not rely on conclusory allegations or unsubstantiated speculation to oppose summary judgment). For these reasons, this case is readily distinguished from *In re State Police Litig.*, 888 F. Supp. 1235, 1249-50 (D. Conn. 1995), where the court applied the fraudulent concealment doctrine because there was record evidence to support the claim. The Bogdans' claim of fraudulent concealment has no basis in either fact or law. The Court should reject the Bogdans' tolling arguments.

**D.     The Bogdans' Discussion Of The Merits Is Irrelevant, Incorrect And Does Not Preclude Summary Judgment In Zimmer's Favor.**

A portion of the Bogdans' Opposition focuses on the merits of the case from the Bogdans' perspective. None of the Bogdans' discussion of the merits creates any material issue of fact for purposes of this motion. *See Iacobelli Constr., Inc. v. County of Monroe*, 32 F.3d 19, 23 (2d Cir. 1994) (explaining that material facts are those that would affect the outcome of the motion). The Bogdans describe Dr. Santore's article, an article that the Bogdans believe demonstrates that the Centralign is defective.[4] In its memorandum opposing class certification in *Dunn*, Zimmer debunked the myth that this article supports the Bogdans' position. (Mem. Opp. Mot. Certify Class in *Dunn, et al. v. Zimmer, Inc.*, Case No. 3:00-cv-01306-JCH, Oct. 2, 2000.) Dr. Santore candidly admitted that his study does not identify any causal link between the Centralign or any of its features and any of the early loosenings that he observed. (*Id.*) The Bogdans also cite testimony from Dr. Moeckel that had he known about the Centralign's early loosening rate he would not have prescribed it for the Bogdans.[5] Further, in an attempt to bolster

---

[4] For the reasons stated in Zimmer's Motion to Strike, this article is inadmissible hearsay and may not be used to create a genuine issue of material fact.

[5] Zimmer objects to the Court's consideration of Dr. Moeckel's deposition testimony. It is inadmissible because, among other things, Dr. Moeckel opines about the design of the device after admitting in his deposition that any belief on his part about the device would be a mere hypothesis. (Ex. E, Moeckel Dep., pp. 60, 62-64, 79.) *See, e.g.,*

9

their argument, the Bogdans mischaracterize Mrs. Bogdan's affidavit.[6]  In any event, nothing about the medical literature or any of the other merits assertions made by the Bogdans is pertinent to the statute of limitations issue.

### III.
### CONCLUSION

Nothing in the Bogdans' Opposition demonstrates or even suggests the existence of any issue of material fact or question of law with regard to the statute of limitations issues raised by Zimmer.  For all of the foregoing reasons, Zimmer is entitled to judgment as a matter of law.

Dated:  May 31, 2006                    Respectfully submitted,

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019
E-mail:  albert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Robert E. Koosa (ct26191)
**DAY BERRY & HOWARD, LLP**
CityPlace I
Hartford, CT 06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343
E-mail:  fhmorrison@dbh.com
         rekoosa@dbh.com

Attorneys for Defendant Zimmer, Inc.

---

*Buttry*, 68 F.3d at 1493 (holding that a party's affidavit that contradicts the affiant's prior deposition testimony should be disregarded on a motion for summary judgment).  Further, Dr. Moeckel's opinions about the Centralign's design are inadmissible because he does not qualify as an expert.  *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001) (holding that a treating physician cannot render expert testimony without a showing that he meets the qualifications for doing so).

[6] In their Opposition, Plaintiffs cite Mrs. Bogdan's affidavit as support for their claim that "when the plaintiff asked [Dr. Moeckel] why [the Centralign] would have loosened earlier than expected, Dr. Moeckel simply replied that he did not have an explanation to give her."  (Opp. Mem. 4.)  In doing so, Plaintiffs' mischaracterize Mrs. Bogdan's affidavit, in which she merely states that Dr. Moeckel "did not give me any reason to suspect that it loosened because it was defective or because of the negligence of Zimmer."  (Aff. ¶ 6.)

CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2006 I caused to be electronically filed the foregoing **Zimmer, Inc.'s Reply Memorandum in Support of Its Motion For Summary Judgment** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Robert I. Reardon, Jr.
>The Reardon Law Firm, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

>None

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019
E-mail:  albert.dahm@dahmelvin.com