UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : : : | CIVIL ACTION NO: 3:02CV637 (JCH) |
| Plaintiffs, | : : | |
| v. | : : | |
| ZIMMER, INC., | : : | |
| Defendant. | : | MAY 31, 2006 |

**ZIMMER, INC.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' EVIDENCE**

Zimmer, Inc. ("Zimmer"), by its attorneys, respectfully submits this memorandum in support of Zimmer's Motion to Strike Plaintiffs' Evidence.

**I.**
**INTRODUCTION**

On March 7, 2006, Zimmer filed its Motion for Summary Judgment arguing that Plaintiffs' remaining claim is barred by the statute of limitations.  In response, Plaintiffs have relied upon "evidence" which has not been properly placed before this Court for a variety of reasons.  Specifically, the Court should exclude four exhibits submitted with Plaintiffs' response:

- Exhibit B, a medical journal article authored by Dr. Richard Santore, which is inadmissible hearsay and is not relevant to the statute of limitations issue presented by Zimmer's Motion;

- Paragraphs 6 and 7 of Exhibit A, Mrs. Bogdan's Affidavit, because the contents of those paragraphs directly contradict Mrs. Bogdan's previous deposition testimony;

**ORAL ARGUMENT REQUESTED**

- Exhibit E, a document that purports to be a Zimmer brochure, which has not been authenticated and is not relevant to the statute of limitations issue presented by Zimmer's Motion;

- Exhibit G, an affidavit submitted by Dr. Bruce H. Moekel, in which he proffers an irrelevant and unreliable expert opinion about the design of the Centralign – a subject on which he is not qualified to opine.

### III.
### ARGUMENT

The law is well settled that the Court cannot consider inadmissible evidence submitted in opposition to a motion for summary judgment. *See Rubens v. Mason*, 387 F.3d 183, 188 (2d Cir. 2004) ("in deciding a motion for summary judgment, a court may rely only on material that would be admissible at trial"); *Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998) ("On a summary judgment motion, the district court properly considers only evidence that would be admissible at trial."); *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment"); *Burlington Coat Factory Warehouse Corp. v. Esprit de Corp.*, 769 F.2d 919, 924 (2d Cir. 1985) (party "cannot rely upon inadmissible hearsay in opposing a motion for summary judgment absent a showing that admissible evidence will be available at trial) (internal citations omitted); *Leak v. United Techs. Corp.*, 81 F. Supp. 2d 373, 377 (D. Conn. 1999) ("Plaintiff cannot raise genuine issues of material facts with hearsay statements."). Further, this Court has previously held that "[a] motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." *Newport Elecs., Inc. v. Newport Corp.,* 157 F. Supp. 2d 202, 208 (D. Conn. 2001).

A.    <u>**The Court Should Strike The Medical Journal Article Authored by Dr. Santore.**</u>

The Court should strike the medical journal article submitted as Exhibit B, The Journal of Arthroplasty, G. Mark Sylvain, M.D. et al., *Early Failure of a Roughened Surface, Precoated Femoral Component in Total Hip Arthroplasty*, 16 J. Arthroplasty 141 (2001).  The article is is inadmissible hearsay and it is not relevant to the statute of limitations issue.

Medical journal articles are inadmissible hearsay which may be used to establish material facts only under limited circumstances.  *See, e.g.*, *Cotton v. Washington Metro. Area Transit Auth.*, No. Civ.A.01-0801, 2004 WL 473658, at *9 (D.D.C. Mar. 3, 2004) (absent a demonstration that journal articles are "relevant, material, authentic, and otherwise admissible," journal articles are inadmissible and cannot be considered on summary judgment); *Conde v. Velsicol Chem. Corp.*, 804 F. Supp. 972, 990 (S.D. Ohio 1992), *aff'd*, 24 F.3d 809 (6th Cir. 1994) (article in medical journal held inadmissible where, *inter alia*, author of article was not listed as expert witness and plaintiffs did not submit expert affidavit relying upon specific facts in article; "a naked reference [in plaintiffs' expert affidavits] which does not tie the substance of the Article to a specific opinion of the expert formed through the use of generally accepted methodologies in the expert's discipline is insufficient to render the Article admissible as substantive evidence under Rule 803(18)").  Plaintiffs have offered no basis to overcome the fact that the Santore article is hearsay.  They have not submitted the opinion of an expert who claims to have relied on the article.  Nor have they offered any other basis to prove admissibility.  The article is hearsay and should be stricken.

In addition, the article is inadmissible because it is not relevant to any issue raised in Zimmer's motion for summary judgment.  Fed. R. Evid. 402; *Conde*, 804 F. Supp. at 990 (medical journal article was inadmissible where, *inter alia*, facts in article were irrelevant to

3

issues raised by plaintiffs' summary judgment motions); *see also Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985) ("the mere existence of factual issues – where those issues are not material to the claims before the court – will not suffice to defeat a motion for summary judgment"); *Burlington Coat Factory*, 769 F.2d at 923 ("disputes over irrelevant facts must not be allowed to obscure the lack of a material dispute"); *Brock v. Conn. Union of Tel. Workers, Inc.*, 703 F. Supp. 202, 203 (D. Conn. 1988) ("The existence of a disputed fact will not prevent the granting of a motion for summary judgment unless the disputed fact is material.").

The Santore article does not discuss anything that would be relevant to the question before the Court – whether Mrs. Bogdan should have discovered actionable injury more than three years before she filed her complaint. Instead, Plaintiffs cite the article to support their arguments about the underlying merits of their claims, even though, as Zimmer explains in its Reply in Support of Its Motion for Summary Judgment, Dr. Santore has admitted that his study does not identify any causal link between the Centralign or any of its features and any of the early loosenings that he observed. (Reply 9.)  At this stage, evidence regarding those merits issues is irrelevant and should be excluded. Accordingly, because the article is inadmissible hearsay and is not relevant to the issues raised in Zimmer's Motion, the Court should strike it from the record.

**B.     The Court Should Strike Paragraphs 6 and 7 of Mrs. Bogdan's Affidavit.**

In an attempt to buttress their arguments on the statute of limitations issue, Plaintiffs have submitted the Affidavit of Mrs. Bogdan.  But the assertions in Paragraphs 6 and 7 of Mrs. Bogdan's Affidavit, Exhibit A submitted with Plaintiffs' response, should be stricken because they are directly contradicted by her previous deposition testimony.  It is well settled that a party's affidavit that contradicts her own prior deposition testimony should be disregarded on a

motion for summary judgment. *Jones v. New York City Health & Hosps. Corp.*, 102 F. App'x 223, 225 n.2 (2d Cir. 2004); *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995).

Paragraph 6 of Mrs. Bogdan's affidavit is flatly contradicted by her deposition testimony and should be stricken.  In her October 2002 deposition, Plaintiff testified that she did not remember what, if anything, Dr. Moeckel told her about why her implant loosened:

> Q.    You must have been frustrated that you had just recovered and now you were going to have to have another operation?
>
> A.    Yes, I did [sic].
>
> Q.    You were probably angry?
>
> A.    No, I wasn't angry.
>
> Q.    Upset, is that a better word?
>
> A.    Probably, yes.
>
> Q.    Did you ask Dr. Moeckel why did this happen?
>
> A.    I could have had.  I don't recall.
>
> Q.    You don't remember?
>
> A.    No.
>
> * * *
>
> Q.    During this visit now, the April 15 visit, the one after you had returned from Florida; do you remember asking Dr. Moeckel why is this happening to me?
>
> A.    I think I did say that, yes.
>
> Q.    And do you remember what he told you?
>
> A.    No, I don't.

298847_1

(Deposition of Stacia Bogdan, October 30, 2002, p. 50 ll. 4 – 15; p. 55 ll. 5 – 9, attached as Exhibit A.)  Now that the state of her knowledge has become vital to her attempt to avoid the statute of limitations, she testifies in Paragraph 6 of her affidavit:

> Although Dr. Moeckel indicated that the loosening occurred sooner than he expected, he did not give me any reason to suspect that it loosened because it was defective or because of the negligence of Zimmer.

(Affidavit of Stacia Bogdan dated May 11, 2006, attached as Ex. A to Pls.' Opp. ("Bogdan Aff.") ¶ 6.)  This new testimony directly contradicts her previous testimony that she did not remember what Dr. Moeckel told her.

The remainder of Paragraph 6 also is contradicted by Mrs. Bogdan's deposition testimony.  Mrs. Bogdan testified in her October 2002 deposition that Dr. Moeckel told her Zimmer manufactured her hip prosthesis:

> Q.    Am I correct in understanding that [a telephone call with Dr. Moeckel] was the first time that you had ever heard the name Zimmer?
>
> A.    Yes.

(Ex. A., Bogdan Dep., p. 73 ll. 3 -6.)  However, in her May 2006 affidavit, Mrs. Bogdan claims Dr. Moeckel never told her who manufactured her prosthesis:

> Indeed, Dr. Moeckel never even told me who the manufacturer of the hip implant was.

(Bogdan Aff., Ex. A Pls.' Opp. ¶ 6.)

Paragraph 7 of Mrs. Bogdan's affidavit also is contradicted by her deposition testimony. Mrs. Bogdan testified at her deposition that she believed the Centralign was faulty because the Centralign loosened and needed to be replaced so soon after it was installed:

Q.      As you sit here today, Mrs. Bogdan, what is your

understanding of -- you've used the word faulty with

respect to the prosthesis.  Do you have an understanding as

to why in your mind you believe it to be faulty?

A.      Well, because it was so soon afterwards.

Q.      Because it loosened and needed to be replaced so quickly?

A.      Yeah.

Q.      Anything else other than that?

A.      No.

(Ex. A., Bogdan Dep., p 26 ll. 14-24.)  By contrast, Mrs. Bogdan now claims that the loosening

of the implant gave her no reason to believe that the device was defective:

> Quite simply, I concluded that the loosening of the hip implant was
> a potential complication that sometimes occurs in the aftermath of
> such procedures, and I had no reason whatsoever to believe that my
> hip prosthesis was defective.

(Bogdan Aff., Ex A Pls.' Opp. ¶ 7.)

Paragraphs 6 and 7 of Mrs. Bogdan's affidavit are directly contradicted by her previous

deposition testimony.  Under *Jones* and *Buttry*, the Court should strike those portions of her

affidavit from the record and disregard them when considering Zimmer's Motion for Summary

Judgment.

**C.**   **The Court Should Strike the Unauthenticated Zimmer Document.**

Plaintiff's also have submitted as Exhibit E a document that purports to be a brochure from Zimmer.  The Court should strike the document because Plaintiffs have made no effort to authenticate the document.  Authentication is a prerequisite to admissibility.  Fed. R. Evid. 901(a).  Courts properly reject the use of unauthenticated documents to oppose motions for summary judgment:

> A trial court can only consider admissible evidence in ruling on a motion for summary judgment.  *See* Fed. R. Civ. P. 56(e); *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988). **Authentication is a "condition precedent to admissibility," and this condition is satisfied by "evidence sufficient to support a finding that the matter in question is what its proponent claims."**  Fed. R. Evid. 901(a).  We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment. *See Cristobal v. Siegel,* 26 F.3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.,* 896 F.2d 1542, 1550-51 (9th Cir. 1989); *Beyene,* 854 F.2d at 1182; *Canada v. Blain's Helicopters, Inc.,* 831 F.2d 920, 925 (9th Cir. 1987); *Hamilton v. Keystone Tankship Corp.,* 539 F.2d 684, 686 (9th Cir. 1976).

*Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (emphasis added).

Here, Plaintiffs have not attempted to authenticate Exhibit E.  Moreover, like the medical journal article authored by Dr. Santore, the purported brochure is not relevant to the statute of limitations issue raised in Zimmer's Motion for Summary Judgment.  Once again, Plaintiffs have offered the document to support their irrelevant discussion of the underlying merits of their claim.  The Court should strike the document.

**D.**   **The Court Should Strike Dr. Moeckel's Affidavit To The Extent He Purports to Render Opinions About The Design Of The Centralign.**

The Court should strike Dr. Moekel's Affidavit because Plaintiffs cannot establish that he is qualified to render an opinion regarding the design of the Centralign.  A treating physician cannot render expert testimony without a showing that he meets the appropriate qualifications.

*Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 (10th Cir. 2001).  Nowhere in the affidavit or in any other document of record is there evidence that Dr. Moekel possesses the experience and training necessary to opine about the design of a medical implant.

Even if he were an expert, his purported opinions should be stricken because he has admitted that they are unreliable.  Unreliable medical expert testimony cannot be considered in opposition to summary judgment.  *Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 254-55 (2d Cir. 2005) (upholding trial court's exclusion of medical expert opinion on summary judgment because causation opinion was insufficiently reliable because it was not based on a scientific methodology).  Mere speculation is insufficient to defeat a motion for summary judgment. *Hollander v. Am. Cyanamid Co.*, 999 F. Supp. 252, 255 (D. Conn. 1998) ("[a] court may therefore strike portions of affidavits which ... make generalized and conclusory statements."); *Gilmore v. WWL-TV, Inc.*, No. Civ.A. 01-3606, 2002 WL 31819135, at *5 (E.D. La. Dec. 12, 2002) (granting defendant's motion to strike expert testimony for being, inter alia, "pure conjecture, and thus excludable as rank speculation"); *see also Contemporary Mission, Inc. v. U.S. Postal Serv.*, 648 F.2d 97, 107 n.14 (2d Cir. 1981) (affirming grant of summary judgment where plaintiff failed to submit specific facts to support motion; "'opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions'") (*quoting* 6 J. Moore, Federal Practice ¶ 56.15(3) at 56-486 to 56-487 (2d ed. 1976) (footnotes omitted)); *Opals on Ice Lingerie v. Body Lines Inc.*, 320 F.3d 362, 370 n.3 (2d Cir. 2003) (quoting *Contemporary Mission*).  In his affidavit, Dr. Moeckel states that based on reading unnamed publications, he has concluded that the Centralign is a defective product because its design carries an "increased risk of or susceptibility to early loosening."  (Affidavit of Bruce H. Moeckel, M.D., May 15, 2006, Ex. G

Pls.' Opp., ¶¶ 6-7.)  But Dr. Moeckel admitted in his deposition that any opinion he had on the design issue was a mere hypothesis.  (Moeckel Dep., Ex. E, at pp. 60, 62-64, 79.)  By his own admission, his proffered opinion is unreliable and, therefore, inadmissible.

Finally, even if Dr. Moekel could overcome his lack of qualifications and the speculative nature of his proffered opinions, his proffered opinion is irrelevant to the statute of limitations issue.  The Court should strike Dr. Moekel's Affidavit.

## IV.
## CONCLUSION

For the reasons stated, this Court should strike:  (a) Exhibit B, the medical journal article authored by Dr. Richard Santore; (b) paragraphs 6 and 7 of Exhibit A, Mrs. Bogdan's Affidavit; (c) Exhibit E, the document that purports to be a Zimmer brochure; and (d) Exhibit G, the purported design opinions of Dr. Bruce H. Moekel.

Dated:  May 31, 2006                    Respectfully submitted,

                                        /s/       Albert J. Dahm
                                        Albert J. Dahm (ct21710)
                                        **DAHM & ELVIN, LLP**
                                        9604 Coldwater Road, Suite 201
                                        Fort Wayne, IN 46825
                                        Telephone:  (260) 497-6000
                                        Facsimile:  (260) 497-6019
                                        E-mail:  albert.dahm@dahmelvin.com

                                        Francis H. Morrison, III (ct04200)
                                        Robert E. Koosa (ct26191)
                                        **DAY BERRY & HOWARD, LLP**
                                        CityPlace I
                                        Hartford, CT 06103-3499
                                        Telephone:  (860) 275-0100
                                        Facsimile:  (860) 275-0343
                                        E-mail:  fhmorrison@dbh.com
                                                 rekoosa@dbh.com

                                        Attorneys for Defendant Zimmer, Inc.

298847_1

**CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2006 I electronically filed the foregoing ZIMMER, INC.'S **ZIMMER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' EVIDENCE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Robert I. Reardon, Jr.
> The Reardon Law Firm, P.C.
> 160 Hempstead Street
> P.O. Drawer 1430
> New London, Connecticut 06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

> None

> /s/_____Albert J. Dahm_____
> Albert J. Dahm (ct21710)
> **DAHM & ELVIN, LLP**
> 9604 Coldwater Road, Suite 201
> Fort Wayne, IN 46825
> Telephone: (260) 497-6000
> Facsimile: (260) 497-6019
> E-mail: albert.dahm@dahmelvin.com

298847_1