UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, : | |
| Plaintiffs, : | CIVIL NO. 3:02cv637(JCH) |
| V. : | |
| ZIMMER, INC. : | |
| Defendant. : | JUNE 2, 2006 |

## PLAINTIFFS' RULE 56(a)1 STATEMENT OF MATERIAL FACTS IN ISSUE

Pursuant to Local Rule 56 (a)1 of the United States District Court for the District of Connecticut, the plaintiffs, Stacia and Frank Bogdan, respectfully submit this Statement of Material Facts in issue.

**I. Admission or Denial of Facts Asserted by the Defendant in its Local Rule 56(a)1 Statement**:

1. The plaintiffs admit the facts alleged in the first, third, fourth and fifth sentences of paragraph 1 of the defendant's Local Rule 56(a)1 Statement.

2. The plaintiffs admit the facts alleged in paragraph 2 of the defendant's Local Rule 56(a)1 Statement.

3. The plaintiffs admit the facts alleged in paragraph 3 of the defendant's Local

Rule 56(a)1 Statement.

4. The plaintiffs admit the facts alleged in paragraph 4 of the defendant's Local Rule 56(a)1 Statement.

5. The plaintiffs admit the facts alleged in paragraph 5 of the defendant's Local Rule 56(a)1 Statement.

6. The plaintiff admits the facts alleged in paragraph 6 of the defendant's Local Rule 56(a)1 Statement but denies that she knew or was informed at that point that she had a Zimmer Centralign hip prosthesis, and avers that the first time she knew she had a Zimmer Centralign and that her problems may be related to an allegedly defective product was November 2001 after a telephone call from Dr. Moeckel. (S. Bogdan depo. at p. 19, lines 13-21; p. 71, lines 11-15; p. 73, lines 3-11; p. 74, lines 3-6.)

7. The plaintiff admits in part the facts alleged in paragraph 7 of the defendant's Local Rule 56(a)1 Statement.

8. The plaintiff admits the facts alleged in paragraph 8 of the defendant's Local Rule 56(a)1 Statement.

9. The plaintiff admits the facts alleged in paragraph 8 of the defendant's Local Rule 56(a)1 Statement but avers that she also knew that prosthetic hip devices could fail

2

earlier than ten years and that such early failures were known risks of the hip implantation.

    10.  The plaintiffs admit the facts alleged in paragraph 10 of the defendant's Local Rule 56(a)1 Statement.

    11.  The plaintiffs admit the facts alleged in paragraph 11 of the defendant's Local Rule 56(a)1 Statement.

    12.  The plaintiffs admit the facts alleged in paragraph 12 of the defendant's Local Rule 56(a)1.

    13.  The plaintiff admits the facts alleged in paragraph 13 of the defendant's Local Rule 56(a)1 Statement and avers that she never asked Dr. Moeckel the name of the manufacturer of the prosthetic hip implanted in her on or about October 6, 1994; rather, she was told for the first time that she had a Zimmer Centralign and that her problems may be related to an allegedly defective product in November 2001 after a telephone call from Dr. Moeckel.  (S. Bogdan depo. at p. 19, lines 13-21; p. 71, lines 11-15; p. 73, lines 3-11; p. 74, lines 3-6.)

    14.  The plaintiffs admit the facts alleged in paragraph 14 of the defendant's Local Rule 56(a)1 Statement.

15. The plaintiffs admit the facts alleged in paragraph 15 of the defendant's Local Rule 56(a)1 Statement but she avers that she does not really remember her visit to Dr. Moeckel in October 1995, S. Bogdan depo. at 46, lines 17-19.

16. The plaintiffs admit the facts alleged in paragraph 16 of the defendant's Local Rule 56(a)1 Statement but aver that she does not really remember her visit to Dr. Moeckel in October 1995, S. Bogdan depo. at 46, lines 17-19.

17. The plaintiffs admit the facts alleged in paragraph 17 of the defendant's Local Rule 56(a)1 Statement but aver that she does not really remember her visit to Dr. Moeckel in October 1995, S. Bogdan depo. at 46, lines 17-19.

18. The plaintiffs admit the facts alleged in paragraph 18 of the defendant's Local Rule 56(a)1 Statement but deny that she was informed at that time that her need for revision was due to an allegedly defective product manufactured and sold by Zimmer. S. Bogdan depo. at p. 19, lines 13-21; p. 71, lines 11-15.

19. The plaintiff denies the facts as alleged in paragraph 19 of the defendant's Local Rule 56(a)1 Statement, and avers that she does not really remember her visit to Dr. Moeckel in October 1995, S. Bogdan depo. at 46, lines 17-19, and further avers that she was not informed of her need for revision surgery probably until April 15, 1996.

Moeckel depo. at 64, lines 4-19.

    20. The plaintiffs admit the facts alleged in paragraph 20 of the defendant's Local Rule 56(a)1 Statement.

    21. The plaintiffs admit the facts alleged in paragraph 21 of the defendant's Local Rule 56(a)1 Statement.

    22. The plaintiffs admit the facts alleged in paragraph 22 of the defendant's Local Rule 56(a)1 Statement.

    23. The plaintiffs admit the facts alleged in paragraph 23 of the defendant's Local Rule 56(a)1 Statement.

    24. The plaintiffs admit the facts alleged in paragraph 24 of the defendant's Local Rule 56(a)1 Statement.

    25. The plaintiffs admit the facts alleged in paragraph 25 of the defendant's Local Rule 56(a)1 Statement.

    26. The plaintiffs admit the facts alleged in paragraph 26 of the defendant's Local Rule 56(a)1 Statement.

    27. The plaintiffs admit the facts alleged in paragraph 27 of the defendant's Local Rule 56(a)1 Statement.

28. The plaintiffs admit the facts alleged in paragraph 28 of the defendant's Local Rule 56(a)1 Statement.

29. The plaintiffs admit the facts alleged in paragraph 29 of the defendant's Local Rule 56(a)1 Statement.

30. The plaintiffs admit the facts alleged in paragraph 30 of the defendant's Local Rule 56(a)1 Statement.

31. The plaintiffs admit the facts alleged in paragraph 31 of the defendant's Local Rule 56(a)1 Statement.

32. The plaintiffs admit the facts alleged in paragraph 32 of the defendant's Local Rule 56(a)1 Statement.

33. The plaintiffs deny the facts alleged in paragraph 33 of the defendant's Local Rule 56(a)1 Statement.

34. The plaintiffs admit the facts alleged in paragraph 34 of the defendant's Local Rule 56(a)1 Statement.

35. The plaintiffs admit the facts alleged in paragraph 35 of the defendant's Local Rule 56(a)1 Statement.

36. The plaintiffs admit the facts alleged in paragraph 36 of the defendant's Local

Rule 56(a)1 Statement.

37. The plaintiffs admit the facts alleged in paragraph 37 of the defendant's Local Rule 56(a)1 Statement.

38. The plaintiffs deny the facts alleged in paragraph 38 of the defendant's Local Rule 56(a)1 Statement and aver that the first time she knew she had a Zimmer Centralign and that her problems may be related to an allegedly defective product was November 2001 after a telephone call from Dr. Moeckel.  S. Bogdan depo. at p. 19, lines 13-21; p. 71, lines 11-15; p. 73, lines 3-11; p. 74, lines 3-6.

## II. Genuine Issues of Material Fact

1. When did the plaintiff suffer actionable harm under Connecticut law according to the "should have known" standard.

2. Whether Zimmer's manufacture, distribution, and sale of the Centralign and/or failure to provide warnings, recalls or other notification to product users constituted a continuing course of conduct which tolls the statute of limitations for claims under the Connecticut Product Liability Act (CPLA) or CUTPA.

THE PLAINTIFFS

_____\s\_____
Robert I. Reardon, Jr., ct05358
Attorney for Plaintiffs
The Reardon Law Firm, P.C.
160 Hempstead Street
New London, CT 06320
Phone:  860.442.0444
Fax:  860.444.6445
Email:  reardonlaw@aol.com

**CERTIFICATION**

      I hereby certify that on June 2, 2006, a copy of the foregoing PLAINTIFFS' RULE 56(a)1 STATEMENT OF MATERIAL FACTS IN ISSUE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Francis H. Morrison, III, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Albert J. Dahm, Esq.
Michael S. Elvin, Esq.
Baker & Daniels
111 E. Wayne Street
Fort Wayne, IN 46802

                                                \s\
                                      Robert I. Reardon, Jr.