UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : | CIVIL ACTION NO: 3:02CV637 (JCH) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| ZIMMER, INC., | : | |
| | : | |
| Defendant. | : | JUNE 16, 2006 |

**ZIMMER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT**

Defendant, Zimmer, Inc. ("Zimmer"), respectfully submits this memorandum in support of its motion to strike the untimely and defective Local Rule 56(a)2 Statement of Plaintiffs Stacia S. Bogdan and Frank Bogdan (the "Bogdans").

**I.
INTRODUCTION**

After failing to file a Local Rule 56(a)(2) Statement with their memorandum opposing Zimmer's Motion for Summary Judgment, and with the benefit of reviewing Zimmer's arguments on reply, the Plaintiffs filed an untimely Local Rule 56(a)2 Statement after briefing on Zimmer's Motion had been completed. Whether Plaintiffs filed their Statement late through inadvertence or for the purpose of gaining an advantage, this Court should strike Plaintiffs' Statement. However, even if the Court were to overlook Plaintiffs' conduct, their Statement does not comply with the requirements of Local Rule 56. Regardless how the Court views the late-filed Statement, it should deem admitted the facts in Zimmer's Statement and grant summary judgment in Zimmer's favor.

**ORAL ARGUMENT REQUESTED**

## II.
## BACKGROUND

Zimmer filed its Motion for Summary Judgment on March 7, 2006, arguing that Plaintiffs' remaining claim is barred by the statute of limitations. With the Motion, Zimmer submitted its Local Rule 56(a)1 Statement ("Zimmer's Statement"). Plaintiffs filed their memorandum in opposition on May 17, 2006, but did not submit a Local Rule 56(a)2 Statement as required by the rules. In its Reply, Zimmer requested that the Court deem admitted the facts in Zimmer's Statement because Plaintiffs had not filed a Local Rule 56(a)2 Statement. After receiving Zimmer's Reply, Plaintiffs filed on June 2, 2006 a "Rule 56(a)1 Statement of Material Facts in Issue" ("Plaintiffs' Statement").

## III.
## ARGUMENT

**A.   The Court Should Strike Plaintiffs' Statement and Deem the Facts in Zimmer's Statement Admitted Because Plaintiffs' Statement is Untimely.**

Under Local Rule 56(a), the party opposing a motion for summary judgment must serve a Local Rule 56(a)2 Statement with their brief in opposition. D. Conn. L. Civ. R. 56(a)2. Although the reason for this timing is obvious, it bears repeating. The purpose of the Rule is to assist the Court by ensuring that the parties are focused on addressing those issues that truly are disputed. Without the benefit of a Local Rule 56(a)(2) Statement, the movant cannot tailor its arguments on reply to address the facts that the respondent believes are disputed. In view of this, filing a Local Rule 56(a)2 Statement after briefing on the motion has been completed is the functional equivalent of filing no Local Rule 56(a)2 Statement. Accordingly, the remedy for a late filed statement should be the same as if one had not been filed.

When the party opposing summary judgment fails to file a Local Rule 56(a)2 Statement, the Court appropriately deems all of the movant's facts admitted. *Secs. & Exch. Comm'n v.*

*Global Telecom Servs. L.L.C.*, 325 F. Supp. 2d 94, 109 (D. Conn. 2004) (deeming facts admitted where opponent filed responsive brief but no Local Rule 56(a)2 Statement).

Here, Plaintiffs ignored the requirements of Local Rule 56(a)2. And when Zimmer pointed out the failure, having already filed its final brief, Plaintiffs attempted to correct their error by submitting their Local Rule 56(a)(2) Statement. Not only did Plaintiffs deprive Zimmer of any meaningful opportunity to respond to the factual issues raised by Plaintiffs, Plaintiffs were able to tailor their Statement to the arguments Zimmer had made on reply. Whether Plaintiffs' failure to file a Local Rule 56(a)(2) Statement was inadvertent or a calculated attempt to gain advantage, the Court should not condone it. The Court should strike Plaintiffs' untimely submission and deem admitted the facts in Zimmer's Statement.

**B.    Plaintiffs' Late-Filed Statement Does Not Comply With Local Rule 56(a).**

Even if the Court were to consider Plaintiffs' Local Rule 56(a)(2) Statement, it should deem the facts in Zimmer's Statement admitted because Plaintiffs failed to comply with the requirements of Local Rule 56(a)(2). A Local Rule 56(a)(2) Statement must (1) state in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a) Statement whether each of the facts asserted by the moving party is admitted or denied and (2) list each issue of material fact as to which it is contended there is a genuine issue to be tried. D. Conn. L. Civ. R. 56(a)2, 3. Each denial and each issue of material fact in a Local Rule 56(a)2 Statement must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. D. Conn. L. Civ. R. 56(a)3. The "specific citation" obligation of the Local Rule "requires counsel and pro se parties to cite to specific paragraphs when citing affidavits or responses to discovery requests and to cite to specific pages when citing to deposition or other

transcripts or to documents longer than a single page in length." *Id.* Here, Plaintiffs' Statement fails to comply with these rules and well established precedent for interpreting them.

Specifically, in Paragraph 33, Plaintiffs fail to cite any record evidence in support of their denial. Failure to cite record evidence "may result in the Court deeming certain facts that are supported by the evidence admitted in accordance with Rule 56(a)1 or in the Court imposing sanctions, including,…when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id*; *Knight v. Hartford Police Dept.*, No. 3:04CV969(PCD), 2006 WL 1438649, at *4-5 (D. Conn. May 22, 2006) (deeming admitted facts in movant's Local Rule 56(a)1 Statement because plaintiff failed to provide specific citations). The Court should deem the facts in Paragraph 33 of Zimmer's Statement admitted.

Plaintiffs cite deposition testimony to support their denial of Paragraph 38, but the testimony they cite is unrelated to the denial. When the deposition testimony does not actually support the denial, the facts are deemed admitted. *George v. United States Postal Serv.*, No. 3:04CV1073, 2006 WL 798924, at *1 n.2 (D. Conn. Mar. 28, 2006). Here, Zimmer's Paragraph 38 stated:

> Ms. Bogdan believed the Centralign was faulty solely because it loosened and needed to be replaced so soon after it was installed. Bogdan Dep., App. B, p. 26, ll. 20-24.

(Zimmer's Statement, Part I, ¶ 38.) The Bogdans "deny the facts alleged in paragraph 38 of the defendant's Local Rule 56(a)1 Statement" but cite only to additional deposition testimony of Mrs. Bogdan in which she allegedly states she did not know she had a Zimmer Centralign or that "her problems may be related to an allegedly defective product [until] November 2001 after a telephone call from Dr. Moeckel." (Plaintiffs' Statement, Part I, ¶ 38.) Plaintiffs do not point to evidence contradicting the testimony of Mrs. Bogdan cited by Zimmer. Nor do they offer any

4

argument that Zimmer has misinterpreted Mrs. Bogdan's testimony. Apparently, Plaintiffs agree that Mrs. Bogdan believed her implant was faulty only because it loosened and needed to be replaced. They contest only the question of when she actually knew the implant was a Centralign and when she knew there were allegations of defect regarding the product. As Zimmer has explained in its briefing, that potential dispute of fact is not material to a determination when Mrs. Bogdan should have discovered actionable harm. Accordingly, under *George*, the Court should deem admitted the facts in Paragraph 38.[1]

In two instances the Bogdans fail to respond to portions of Zimmer's Statement. The Bogdans admit Paragraph 7 "in part," (Plaintiffs' Statement, Part I, ¶ 7) and admit only portions of Paragraph 1 (*Id.*, ¶ 1). However, Plaintiffs neither admit nor deny the remaining facts. When the opponent fails to deny an averment, the fact is deemed admitted. *Knight*, 2006 WL 1438649, at *4; *Vines v. Callahan*, 352 F. Supp. 2d 211, 212 n.1 (D. Conn. 2005) (deeming admitted each fact in movant's Local Rule 56(a)1 Statement because plaintiff failed to provide a complete Local Rule 56(a)2 Statement). The Court should deem admitted those portions of Paragraphs 1 and 7 to which Plaintiffs did not respond.

In Paragraphs 6, 9, 13, 15-19, and 38 of their Statement, Plaintiffs make affirmative averments in addition to admitting or denying Zimmer's stated facts, improperly using Zimmer's Statement as a springboard for argument. Such affirmative averments are non-responsive and should be stricken. *See Knight*, 2006 WL 1438649 at *6.

---

[1] Plaintiffs failed to file copies of their designated evidence in violation of Federal Rule of Civil Procedure 56(e) and Local Rule 56(a)3 and the citation should be disregarded for that reason also. *Vines*, 352 F. Supp. 2d at 212 n.1.

Finally, contrary to Local Rule 56(a)2, Part II of Plaintiffs' Statement does not contain a list of each issue of material fact as to which it is contended there is a genuine issue to be tried. Instead, the Bogdans set forth two questions:

> (1) When did the plaintiff suffer actionable harm under Connecticut law according to the "should have known" standard.
>
> (2) Whether Zimmer's manufacture, distribution, and sale of the Centralign and/or failure to provide warnings, recalls, or other notification to product users constituted a continuing course of conduct which tolls the statute of limitations for claims under the Connecticut Product Liability Act (CPLA) or CUTPA.[2]

(Plaintiff's Statement, Part II.) As noted by this Court in *Scianna v. McGuire*, Civ. No. 3:94CV761(AHN), 1996 WL 684400, at *1 (D. Conn. Mar. 21, 1996), a submission that contains a series of questions is not a "separate, short and concise statement of the material *facts* as to which it is contended that there exists a genuine issue to be tried." *Id.* at *1 (quoting D. Conn. L. Civ. R. 9(c) (repealed Jan. 1, 2003)) (emphasis added by Court). As in *Scianna*, the Bogdan's questions do not constitute a listing of specific facts as required by Federal Rule of Civil Procedure 56 or by Local Rule 56(a), and their Statement should be ignored. "[P]laintiff's failure to comply with the court's rules concerning the appropriate way to oppose the defendants' motion for summary judgment [was] sufficient reason alone to accept the defendants' list of material facts as undisputed." *Id.* at *2.

In light of the pervasive defects in Plaintiffs' Statement, this Court should deem admitted the facts averred in Zimmer's Statement and grant summary judgment in Zimmer's favor.

---

[2] Plaintiffs no longer have a CUTPA claim. This Court granted summary judgment on Plaintiffs' CUTPA claims on March 29, 2005 and the Second Circuit affirmed. *Dunn v. Zimmer, Inc.*, No. 3:00cv1306, 2005 WL 752214, at *1 (D. Conn. Mar. 29, 2005), *aff'd in part, Bogdan v. Zimmer, Inc.*, 165 F. App'x 883, 886 (2d Cir. 2006).

C.  **<u>Plaintiffs' Additional Averments Do Not Create a Material Issue of Disputed Fact.</u>**

As established above, the Court should not consider Plaintiffs' additional averments because they are not responsive to Zimmer's Statement. However, even if the Court were to consider those averments, they would not create a material issue of fact. Plaintiffs have alleged in the additional averments that:

- [T]he first time [Mrs. Bogdan] knew she had a Zimmer Centralign and that her problems may be related to an allegedly defective product was November 2001 after a telephone call from Dr. Moeckel. (Plaintiffs' Statement, Part I, ¶ 6.)
- [Mrs. Bogdan] also knew that prosthetic hip devices could fail earlier than ten years and that such early failures were known risks of the hip implantation. (*Id.* ¶ 9.)
- [Mrs. Bogdan] never asked Dr. Moeckel the name of the manufacturer of the prosthetic hip implanted in her on or about October 6, 1994; rather, she was told for the first time that she had a Zimmer Centralign and that her problems may be related to an allegedly defective product in November 2001 after a telephone call from Dr. Moeckel. (*Id.* ¶ 13.)
- [Mrs. Bogdan] does not really remember her visit to Dr. Moeckel in October 1995. (*Id.* ¶ 15-17.)
- [Mrs. Bogdan] was informed at that time that her need for revision was due to an allegedly defective product manufactured and sold by Zimmer. (*Id.* ¶ 18.)
- [Mrs. Bogdan] does not really remember her visit to Dr. Moeckel in October 1995, and further avers that she was not informed of her need for revision surgery probably until April 15, 1996. (*Id.* ¶ 19.)
- [T]he first time [Mrs. Bogdan] knew she had a Zimmer Centralign and that her problems may be related to an allegedly defective product was November 2001 after a telephone call from Dr. Moeckel. (*Id.* ¶ 38.)

In essence, all of these averments go to the question of when Mrs. Bogdan actually knew of actionable harm. But that is not the question that this Court must resolve. The Second Circuit remanded this case so the Court could determine as a matter of law when Mrs. Bogdan *should*

7

*have discovered* actionable harm. *Bogdan*, 165 F. App'x at 884-85. Consequently, facts that tend to prove the date on which Mrs. Bogdan had actual knowledge are immaterial. The Court should not be distracted by Plaintiffs' continued attempts to focus on a question that has no bearing on Zimmer's Motion for Summary Judgment.

### III.
### CONCLUSION

The Court should strike the Bogdans' non-complying Local Rule 56(a)(2) Statement, deem admitted the facts in Zimmer's Statement, and grant Zimmer's motion for summary judgment.

Dated: June 16, 2006                Respectfully submitted,

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019
E-mail:  albert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Robert E. Koosa (ct26191)
**DAY BERRY & HOWARD, LLP**
CityPlace I
Hartford, CT 06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343
E-mail:  fhmorrison@dbh.com
            rekoosa@dbh.com

Attorneys for Defendant Zimmer, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2006 I electronically filed the foregoing **ZIMMER, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Robert I. Reardon, Jr.
>The Reardon Law Firm, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

>None


>/s/    Albert J. Dahm
>Albert J. Dahm (ct21710)
>**DAHM & ELVIN, LLP**
>9604 Coldwater Road, Suite 201
>Fort Wayne, IN 46825
>Telephone:  (260) 497-6000
>Facsimile:  (260) 497-6019
>E-mail:  albert.dahm@dahmelvin.com