UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, : | |
| Plaintiffs, : | CIVIL NO. 3:02cv637(JCH) |
| : | |
| V. : | |
| : | |
| ZIMMER, INC. : | |
| : | |
| Defendant. : | June 22, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ZIMMER, INC.'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE**

The plaintiffs in the above captioned matter, **STACIA BOGDAN AND FRANK BOGDAN**, hereby respectfully provide the following memorandum of law in opposition to the defendant, Zimmer, Inc.'s Motion to Strike Plaintiff's Evidence, dated May 31, 2006. For the reasons that follow, this Court should deny the Defendant's motion to strike.

**I.    STATEMENT OF FACTS AND PROCEEDINGS**

On January 6, 2006, the Second Circuit issued its decision on the Plaintiffs' appeal. <u>Bogdan v. Zimmer, Inc.</u>, No. 05-2087, 2006 WL 41286 (2d Cir., January 6, 2006). In pertinent part, the Second Circuit held that this Court applied the incorrect standard in determining whether the Plaintiffs' claims under

the Connecticut Product Liability Act ("CPLA") were time-barred. Id. at *2. Therefore, the Second Circuit vacated that portion of this Court's ruling in which it dismissed the Plaintiffs' product liability claims. Id. The case was then remanded so as to provide this Court with an opportunity to apply the appropriate standard to the plaintiffs' CPLA claims.

On March 7, 2006, the Defendant filed a Motion for Summary Judgment, arguing again that the Plaintiff's claims were barred by the statute of limitations, and providing this Court with an opportunity to apply the correct standard to the Plaintiff's CPL claims. The Plaintiff, on May 17, 2006, filed Plaintiff's Objection to Defendant Zimmer, Inc.'s Motion for Summary Judgment (Pl.'s Obj.), along with supporting exhibits.

Thereafter, on May 31, 2006, the Defendant filed a Motion to Strike Plaintiff's Evidence (Def. Mot.), claiming that certain evidence submitted in support of Pl.'s Obj. was inadmissible, and therefore, should not be considered for purposes of summary judgment. The Defendant moves the Court to exclude four of the Plaintiff's exhibits,

1) Paragraphs 6 and 7 of Exhibit A, Plaintiff Stacia Bogdan's Affidavit
2) Exhibit E, A brochure created and distributed by Zimmer, Inc.
3) Exhibit G, the affidavit of Dr. Bruce H. Moeckel, Plaintiff's doctor.

4)  Exhibit B, a medical journal article co-authored by Dr. Richard Santore, a disclosed expert.

For the reasons that follow, this Court should deny the Defendant's motion to strike these exhibits.

## II.  ARGUMENT

### A.  Standard of Review

In ruling on a motion to strike, the court applies the Federal Rules of Evidence to determine whether evidence would be admissible at trial, and thus whether the court can consider them in ruling on a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir.1997) (stating "the principles governing admissibility of evidence do not change on a motion for summary judgment"); Spector v. Experian Info. Servs. Inc., et al., 321 F.Supp.2d 348, 353 (D.Conn.2004).  Rule 56(e) provides that affidavits in support of and against summary judgment shall set forth such facts as would be admissible in evidence. Fed.R.Civ.P. 56(e).  It is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment, although disputes as to the validity of the underlying data go to the weight of the evidence, and are for the fact-finder to resolve. McCullock v. H.B. Fuller Co., 61 F.3d 1038, 1044

(2d Cir.1995).

### B. Plaintiff's Affidavit Statements Do Not Contradict Her Deposition Tesimony

The statements made by the Plaintiff in her affidavit should not be stricken. The Defendant contends that portions of the Plaintiff's Affidavit should be stricken because those portions directly contradict the Plaintiff's previous deposition testimony. (Def. Mot., at 4.) The Defendant cites three alleged contradictions in support of its argument, all of which will be discussed herein. Id. at 5.

As the first alleged instance of contradiction, the Defendant cites paragraph six of the Plaintiff Bogdan's affidavit,

> Although Dr. Moeckel indicated that the loosening occurred sooner than expected, he did not give me any reason to suspect that it loosened because it was defective or because of the negligence of Zimmer.

(Affidavit of Stacia Bogdan dated May 11, 2006 (Pl.'s Aff.) ¶ 6.) The alleged contradicted deposition testimony consists of the Plaintiff's responses to the Defendants' questions concerning two visits to Dr. Moeckel's office in November of 1995 and in April of 1996. (Def. Mot., at 5). In these responses, the Plaintiff

4

indicated that she did not recall, on the dates in question, whether she asked Dr. Moeckel why her implant loosened, or what, if any explanation Dr. Moeckel may have given her. Id. at 5.  As this Court can see, in paragraph six of her affidavit, the two dates referenced in the deposition testimony are not specifically addressed.  Rather, paragraph six reflects a general statement of her knowledge of the entire period of time in which she was treated by Dr. Moeckel.  As such, this paragraph of her affidavit should not be stricken.  (Pl.'s Aff. ¶ 6).  Indeed, the statements made by the Plaintiff in her affidavit are corroborated by the affidavit of Dr. Moeckel, who states in reference to the cause of the loosening of her implant,

> I informed Mrs. Bogdan of this finding for the first time during a telephone conversation in November of 2001. I never informed or even suggested to Mrs. Bogdan that the loosening of the Centralign was caused as a result of a defect in the product, nor did I inform her as to the identity of the manufacturer of the Centralign before that date.

(Affidavit of Bruce H. Moeckel, M.D. (Moeckel Aff.) dated May 15, 2006, ¶ 8).

Had the Plaintiff asserted in her deposition that Dr. Moeckel **had** informed her that her implant loosened because of defect or negligence, then her affidavit would contradict her previous testimony.  In this case, paragraph six of the

Plaintiff's affidavit is not inconsistent with her previous testimony.

The second alleged contradiction cited by the Defendant concerns Dr. Moeckels communication to the Plaintiff of Zimmer's identity as the manufacturer of the Centralign. (Def. Mot., at 6). The Defendant contends that the Plaintiff's affidavit statement:

> Indeed, Dr. Moeckel never even told me who the manufacturer of the hip implant was

(Pl.'s Aff. ¶ 6), is contradicted by her affirmative response to the following question at her deposition;

> Q.  Am I correct in understanding that that phone call [a telephone call with Dr. Moeckel] was the first time you ever heard the name Zimmer?
>
> A.  Yes

(Deposition of Stacia Bogdan dated October 30, 2002 (PL.'s Dep.), at 73, ll. 3-6.)

There is no contradiction between these two statements, however, as they do not reference the same time period. Taken in the context of the Plaintiff's entire affidavit, the statement that "Dr. Moeckel never told me who the manufacturer of the hip implant was", refers to the time period in which the Plaintiff was under the care of Dr. Moeckel. By contrast, the deposition testimony

6

mentioned above refers to a conversation that took place in November of 2001, two years after the Plaintiff left the care of Dr. Moeckel.  The two statements mentioned above are not contradictory; they simply reflect the Plaintiff's basis of knowledge at two distinct periods of time.

Similarly, the Defendant's third allegation of contradiction between the Plaintiff's affidavit and her deposition testimony is erroneous when placed in the correct temporal context.  The Defendant asserts, that the Plaintiff's deposition testimony cited below is contradicted by paragraph seven of her affidavit.

> Q. As you sit here today, Mrs. Bogdan what is your understanding of – you've used the faulty with respect to your prosthesis.  Do you have an understanding as to why in your mind you believe it to be faulty?
>
> A. Well, because it was so soon afterwards.
>
> Q. Because it loosened and needed to be replaced so quickly?
>
> A. Yeah.
>
> Q. Anything else other than that?
>
> **A.** No.

(Pl.'s Dep., at 26 ll. 14-24) In paragraph seven of her affidavit, the Plaintiff averred the following:

> Quite simply I concluded that the loosening of the hip implant was a potential complication that sometimes occurs in the aftermath of such procedures, and I had no reason whatsoever to believe that my hip prosthesis was defective.

(Pl.'s Aff., ¶ 7).

As in the Plaintiff's previous argument, there is no contradiction between these two statements. Rather, there is only a different temporal basis of reference for the Plaintiff's statements. In the deposition testimony, the Plaintiff was asked what she believes "as you sit here today [October 30, 2002]". In other words the Plaintiff was being asked to assess the situation, as she perceived it, retrospectively, with full knowledge of all that had transpired up to October 30, 2002. In contrast, the Plaintiff's affidavit, taken in its proper context, refers to her beliefs at the time that she was under the care of Dr. Moeckel, before she knew of any potential negligence or defect.

Because there are no contradictions between Plaintiff's affidavit and her previous deposition testimony, no portion of Plaintiff's affidavit submitted in support of Plaintiff's objection to motion for summary judgment should be stricken. While the Defendant is correct in asserting that genuine issues of material fact cannot be created solely through the introduction of contradictory affidavits, <u>Hayes v. New York City Dep't of Corrections</u>, 84 F.3d 614, 619 (2d

Cir.1996), it is also established that affidavit statements that do not rise to the level of outright contradiction or that are simply different glosses of the same opinion may stand as evidence. <u>Vancour v. Bozzuto's Inc.</u>, slip copy, 2006 WL 758636, at *1 (D. Conn. 2006).

### C. The Court Should Not Strike The Zimmer Brochure

In ruling on a motion to strike, the court applies the Federal Rules of Evidence to determine whether evidence would be admissible at trial and thus whether the court can consider them in ruling on a motion for summary judgment. <u>Raskin</u>, supra, at 66. The Defendants rely upon Federal Rule of Evidence (FRE) 901(a) as support for striking Exhibit E, a Zimmer product brochure. (Def. Mot., at 8).

Contrary to the Defendant's assertions, FRE 901 allows for the admissibility of the Zimmer brochure as evidence with distinctive characteristics. FRE Rule 901 provides,

> (a) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule.

9

> …(4) *Distinctive characteristics and the like*. Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.

(Fed. R. Evid 901(b)(4)). Rule 901 "does not erect a particularly high hurdle." United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir.2001). The requirement under Rule 901 is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. United States v. Ruggiero, 928 F.2d 1289, 1303 (2d Cir.1991). The trial court has broad discretion in determining whether an item of evidence has been properly authenticated. Id. at 1303.

The brochure in question was created by the Defendant for distribution to potential customers. The source of its origin, as well as its distinctive characteristics (Zimmer logo, U.S. patent no.), would allow its authentication under FRE 901(b)(4), and henceforth its admission at trial.

In Knight v. Hartford Police Dept., Slip Copy, 2006 WL 1438649 (D.Conn. 2006), the Court, in considering the admissibility of evidence in opposition to a motion for summary judgment, allowed the admission into evidence of a report compiled by a private agency that was prepared for the Hartford Police Department and based on data provided by the City of Hartford and the Hartford

10

Police Department. Id. at *2.  In ruling against the Hartford Police Department, the court held that, "although the report may not be admissible at trial without a proper foundation, it is appropriate for consideration on summary judgment and will not be stricken from the record." Id., at *2.  Similarly, the brochure in question, given proper foundation, would undoubtedly be admissible as evidence at trial.

The Defendant claims that reference to the brochure is irrelevant to the issue of the statute of limitations, and, therefore, it should be stricken.  This claim is also without merit.  The inclusion of the brochure is relevant to the Plaintiff's claim that the Defendant pursued a continuing course of conduct to promote its product despite known defects.

Finally, the inclusion of the brochure also goes to Dr. Moeckel's state of mind.  The promotion of the positive aspects and improvements of the Centralign implant provide a basis for Dr. Moeckel's assertion that he had no reason to believe that the Centralign was a defective product and, therefore, did not inform the Plaintiff of any potential defects while she was under his care.  (Moeckel Aff. ¶7).

### D. The Court Should Not Strike Any Portion Of Dr. Moekels Affidavit Because His Statements Are Not Offered As Expert Testimony.

The challenged paragraphs of Dr. Moeckel's Affidavit should not be stricken. The Defendants, in their Motion to Strike Evidence, request that portions of Dr. Moekels affidavit be stricken because he has not been qualified as an expert, competent to testify on the design of the Centralign implant. (Def. Mot., at 8.) The Defendants' assertion is based the assumption that Dr. Moeckel is testifying as an expert for the Plaintiff. (Id. at 9.) The Defendant's characterization of Dr. Moeckel as an expert is misplaced. Dr. Moeckel is not offering his statements as an expert, but rather as a factual witness relying on his personal knowledge as the basis of his statements.

In opposing a motion for summary judgment, affidavits must be made on "personal knowledge" and must show that an affiant is "competent to testify to the matters stated therein." Fed.R.Civ.P. 56(e).   This is because on a motion for summary judgment, a district court may rely only on material facts that would be admissible at trial.  Rubens v. Mason, 387 F.3d 183, 189 (2d Cir. 2004).

In pertinent part, the Defendant references two paragraphs from Dr. Moeckel's affidavit in their motion. (Def. Mot., at 9-10).

Paragraph Six,

> I did not have any reason to believe that that the Zimmer Centralign was a defective product until after I removed the prothesis when I read publications that were critical of its design and suggested that the design made the prosthesis susceptible to early loosening.

Paragraph Seven,

> If I had known of this increased risk of susceptibility to early loosening, I would not have considered using the Centralign and would not have implanted the device during Mrs. Bogdan's THA procedure.

(Moeckel Aff., ¶¶ 6,7). Nowhere in these passages does Dr. Moeckel offer an expert opinion on the design of the Centralign implant, as Defendants suggest. (Def. Mot., at 9.) The phrases, "I did not have any reason to believe", in paragraph six and "If I had known", in paragraph seven, do not put forth an expert opinion, but instead only reference Dr. Moekel's state of mind, and the level of personal knowledge that formed the basis for his actions during his treatment of Plaintiff. Because Dr. Moeckel's affidavit is based on personal knowledge, he would certainly be competent to testify to these statements at trial.

Finally, the Defendant contends that Dr. Moeckel's statements have no relevance to the issue of the statute of limitations. The Plaintiff asserts, however, that the statements go to Dr. Moeckel's state of mind during his treatment of the

Plaintiff.  Dr. Moeckel's original beliefs in the reliability of the Centralign implant support the Plaintiff's contention that Dr. Moeckel never informed her, during her treatment, of the possibility of a product defect.  Therefore, the challenged statements from Dr. Moeckel's affidavit should not be stricken.

    **E.**    **The Court Should Not Strike The Medical Journal Article Authored By Dr. Santore Because it is a Learned Treatise Relied Upon By A Disclosed Expert.**

The journal article, authored by Dr. Richard Santore, and submitted as Exhibit B of the Plaintiff's Objection, should not be stricken.  Contrary to the Defendant's assertion, this journal article is not inadmissible hearsay evidence.  In face, the journal article would be admissible at trial under one of the recognized hearsay exceptions, the learned treatise.

> (18) *Learned Treatise*
>
> To the extent called to the attention of an expert witness upon cross-examination or relied upon by the witness in direct examination, statements contained in published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art, established as a reliable authority by the testimony or admission of the witness or by other expert testimony or by judicial notice. If admitted, the statements may be read into evidence, but may not be received as exhibits unless the Court finds that the probative value of the statements outweigh their prejudicial effect.

(Fed. R. Evid. 803(18)). "Rule 803(18) explicitly requires trial judges to act as gatekeepers, ensuring that any treatise admitted is authoritative. Thus, trial judges must first determine that the proffered treatise is trustworth[y] ... as viewed by professionals in [the relevant] field.. In making this evaluation, trial judges need not be draconian. Since the object of [Rule 803(18)] is to make valuable information available to the trier of fact, trial judges should not insist on a quantum of proof ... that the proponent cannot meet." Costantino v. David M. Herzog, M.D., P.C., 203 F.3d 164, 171-2 (2d Cir 2000) (internal quotations and citations omitted).

    The Defendant cites Conde v. Velsicol Chem. Corp., 804 F. Supp. 972, 990, (Def. Mot. at 3), to argue that the Plaintiff has "not submitted the opinion of an expert who claims to have relied on the article" Id. at 3. Dr. Richard Santore, one of the authors of the article in question, and whose deposition also appears as Exhibit C in Plaintiff's motion, has been disclosed as an expert by Plaintiff. As the author of the article, Dr. Santore has relied on its contents in the formation of his opinions. Because the article falls within the hearsay exception for learned treatise as put forth in FRE 803(18), this Court should deny defendant's motion to strike.

### III.  CONCLUSION

For the foregoing reasons, this Court should deny Zimmer, Inc.'s Motion to Strike Plaintiff's Evidence.

                THE PLAINTIFFS

                ___/s/_____
                Robert I. Reardon, Jr.
                **THE REARDON LAW FIRM, P.C.**
                160 Hempstead Street
                New London, CT  06320
                Phone: 860-442-0444
                Fax: 860-444-6445
                Email: reardonlaw@aol.com
                Federal Bar No. ct05358

**CERTIFICATION**

  I hereby certify that on June 22, 2006, a copy of the foregoing MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ZIMMER, INC.'S MOTION TO STRIKE PLAINTIFF'S EVIDENCE was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Albert J. Dahm, Esq.
Dahm & Elvin
9604 Coldwater Rd., Suite 201
Fort Wayne, IN 46825
Phone: 260-497-6000
Fax: 260-497-6019
Email: bert.dahm@dahmelvin.com

Francis H. Morrison, III, Esq.
Day, Berry & Howard
Cityplace
Hartford, CT 06103-3499
Phone: 860-275-0231
Fax: 860-275-0343
Email: fhmorrison@dbh.com

            /s/
          Robert I. Reardon, Jr.
          **THE REARDON LAW FIRM, P.C.**
          160 Hempstead Street
          New London, CT 06320
          Phone: 860-442-0444
          Fax: 860-444-6445
          Email: reardonlaw@aol.com
          Federal Bar No. ct05358