UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, : <br>     Plaintiffs, : <br> : <br> V. : <br> : <br> ZIMMER, INC. : <br> : <br>     Defendant. : | CIVIL NO. 3:02cv637(JCH) <br><br><br><br><br><br> JULY 7, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ZIMMER, INC.'S MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT**

    The Plaintiffs respectfully submit this Memorandum of Law in opposition to Defendant, Zimmer, Inc.'s Memorandum of Law in Support of its Motion to Strike Plaintiffs' Local Rule 56(a)2 Statement (Defendants' Motion to Strike), dated June 16, 2006.

**I.    INTRODUCTION**

    The Plaintiffs' Rule 56(a)2 Statement should not be stricken. Although the Rule 56(a)2 Statement was filed shortly after the Plaintiffs' Objection to the Defendant, Zimmer, Inc.'s Motion for Summary, this lapse of time did not prejudice the Defendant in any way. Moreover, both the objection and the Plaintiffs' Rule 56(a)2 Statement were filed in a timely manner and prior to the

Court's deadline of June 15, 2006.

Although the Defendant asserts that the Plaintiffs' Rule 56(a)2 Statement deos not conform to the Court requirements for such statements, the Plaintiffs maintain that their statement should not be stricken. Indeed, the challenged denials and averments contained in the Plaintiff's Local Rule 56(a)2 Statement were in response to the non-conforming factual assertions contained in the Defendant, Zimmer, Inc.'s Local Rule 56(a)1. As such, the factual assertions of Defendants' Statement should not be deemed to be admitted because they are not properly supported by the evidence.

Notwithstanding the above, the Plaintiffs have filed a supplemental local Rule 56(a)2 Statement, together with this objection, in an attempt to resolve this issue.

## II.    BACKGROUND

As this Court is aware, the Plaintiff, Stacia Bogdan, in a complaint, dated April 10, 2002, alleges that she sustained injuries and losses due to the defective nature of the Centralign hip component that was implanted in her on October 6, 1994. On March 7, 2006, the Defendant filed a Motion for Summary Judgment with the Court, asserting that Plaintiffs' claims were barred by the statute of

limitations. Thereafter, on May 4, 2006, the Plaintiffs filed a motion seeking an extension of time to file an objection to the Defendant's Motion for Summary Judgment. The motion was granted, and the Plaintiffs were given an extension until June 15, 2006 to file their objection. On May 17, 2006, the Plaintiffs filed their objection to Defendant's Motion for Summary Judgment, but inadvertently failed to submit the corresponding Local Rule 56(a)2 Statement. Thus, on June 2, 2006, the Plaintiffs filed the required Local Rule 56(a)2 Statement, which is at issue here.

### III.     ARGUMENT

**A.     The Inadvertent Delay In The Submission Of The Plaintiffs' Local Rule 56(a)2 Statement, And The Alleged Procedural Oversights Contained Within Said Statement Do Not Prejudice The Defendant.**

The purpose of Local Rule 56(a) is to aid the Court in the efficient disposition of motions for summary judgment, and thereby conserve valuable judicial resources. In re Salinardi, 304 B.R. 54 (Bankr. D. Conn. 2004). The rule is in place to aid the court by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed. S.E.C v. Global Telecom Sevices, L.L.C., 325 F. Supp. 2d 94, 108 (D. Conn. 2004), (Internal citations omitted). The Plaintiffs' June 2, 2006

submission of their Local Rule 56(a)2 Statement in no way conflicts with the purposes of this rule.

The Plaintiffs requested, and were granted, an extension to file their objection to summary judgment. The Plaintiffs' Objection was, therefore, due on June 15, 2006. The submission of the Plaintiffs' Local Rule 56(a)2 Statement, while not simultaneous with the submission of their Plaintiffs' Objection to Defendant Zimmer, Inc.'s, Motion for Summary Judgment, was still within the time frame allotted for the filing of the objection as it was filed on June 2, 2006.

The fact that no new issues, other than those already submitted by the Plaintiffs in their Objection to Defendant Zimmer, Inc.'s Motion for Summary Judgment, were raised in the Plaintiffs' Local Rule 56(a)2 Statement supports the Plaintiffs' contentions that the Defendants were not prejudiced by a delay in the filing of the Statement. Indeed, the Plaintiffs' Local Rule 56(a)2 Statement contained no surprises since it was nearly identical to the statement that was filed earlier in this case and in response to the Defendant's first Motion for Summary Judgment. The Defendant cannot, therefore, argue that it was prejudiced.

Furthermore, even though not in strict adherence to the mandates of Local

Rule 56(a), the Plaintiffs' substantial compliance should allow the Court, using its discretion, to accept the Plaintiffs' Local Rule 56(a)2 Statement as it was submitted. "If a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." Torres v. Oakland Scavenger Co., 487 U.S. 312, 316,317 (1988). (allowing an untimely notice of appeal by a litigant, after a clerical error).

In fact, District Courts have allowed the submission of statements of disputed material facts even through they did not comply with the Local Rule. Noncompliance can be excused or overlooked based upon the facts and circumstances of each case. Grabowski v. Bank of Boston, 997 F. Supp. 111, 115 (D. Mass. 1997) (finding that the opponents of a summary judgment motion would be deemed to have controverted the factual statements contained in the movant's motion, through the statements of fact contained in their cross motion for summary judgment, even though the opponents had not filed statements of fact opposing those of the movant, as required by a Massachusetts' Local Rule 56.1); Gullock v. Spectrum Sciences and Software, Inc., 146 F. Supp. 2d 1364, 1372 (M.D. Ga. 2001) (deciding that although the non-movant had filed an

untimely statement of disputed facts, rather than with their response to the motion as required by Georgia Local Civil Rule 56, this had not prejudiced the defendant, and thus, the statement of facts in opposition would not be stricken.)

In this case, the Plaintiffs have set forth the disputed issues of fact both in their Local Rule 56(a)2 Statement, as well as in their Objection to Defendant Zimmer Inc.'s Motion for Summary Judgment. As the issues in dispute have been filed with the Court, albeit not in a strictly conforming manner, the Statement should be accepted.

As always, the Plaintiffs' primary aim in this matter is to assist the Court in having a fully developed record by which to determine the genuine issues of fact disputed by the parties. To that end, the Plaintiffs move to submit a supplemental response to its Local Rule 56(a)2 Statement. While Local Rule 56 does not provide specifically for the filing of supplemental 56(a)2 Statements, other analogous supplemental filings are allowed in district courts under the Federal Rules of Civil Procedure (FRCP). For example, Rule 56(e) of the FRCP provides that, "the court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits". Fed. R. Civ. P. 56(e).

In Memphis Publishing Co. v. Newspaper Guild of Memphis, 2005 WL 3263878 (W.D. Tenn. 2005), the Tennessee District Court considered whether to whether to allow a supplemented statement of undisputed facts in support of a motion for summary judgment.  Id. at *1.  The Court noted initially that Rule 56 of the Federal Rules of Civil Procedure and the Tennessee local rules concerning summary judgment were both silent on whether a party may file a supplemental statement of facts.  Id. at *1.  The Court held that as long as the facts did not present a new basis of argument, they were allowed to supplement the existing statement. Id.

Similarly, a party may supplement its pleading under FRCP Rule 15(d) in the absence of showing by the non-moving party of prejudice or bad faith.  Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993).  In determining what constitutes "prejudice," the court in Block cited factors such as whether the supplemental filing would require the opponent to expend significant additional resources, or significantly delay the resolution of the dispute.  Id.

Here, the Plaintiffs, in supplementing its Local Rule 56(a)2 Statement, will not prejudice the Defendant.  The Plaintiffs raise no new issues of dispute other than those already set forth in their Objection to Summary Judgment and the

filing would precipitate no delay in adjudication of the case. The Plaintiffs simply wish to clarify their positions for the Court and the Defendants.

    **B.    The Disputed Denials and Averments Contained In The Plaintiffs' Local Rule 56(a)2 Statement Were In Response To The Non-Conforming Factual Assertions Contained In The Defendants' Local Rule 56(a)1 Statement**

The Defendants' motion alleges that the Plaintiffs' 56(a)2 statement is not in compliance with Local Rule 56, in that it only partially admits portions of Paragraphs One and Seven. (Def. Mot. to Strike, at 5.) The Plaintiffs assert that the partial denials to these fact statements were precipitated by the non-conforming fact statements set forth by the Defendants. Local Rule 56(a)1 calls for the statement to contain a "concise statement of each material fact which the moving party contends there is no genuine issue to be tried." D. Conn. L. Civ. R 56(a)1. The Defendant failed to provide concise statements of material fact. Indeed, many of the Defendant's statements contain ambiguous language, as well as multiple assertions, thus making it difficult for the Plaintiffs to simply admit or deny the material facts.

For example, paragraph one (1) of the Defendant's Statement contains five sentences, each setting forth a separate factual assertion. (Def. Statement ¶

8

1). The partial denial asserted by the Plaintiffs is in response to the incorporation of numerous factual assertions into one statement. The fact that the statements were contained within one paragraph of an affidavit does not change the fact that these are five distinct assertions that should be addressed separately.

Similarly, paragraph 33, which is denied by the Plaintiffs, is confusing, in that it links two separate assertions into one statement in an unclear manner:

> Dr. Moeckel attributed these negative symptoms to the Centralign stem and he therefore recommended to Mrs. Bogdan that she have the stem removed and replaced with another device.

(Def. Statement ¶ 33). As this Court can see, there are two distinct assertions of fact in this statement. This statement could be interpreted as asserting that there is a direct cause and effect relationship between Dr. Moeckel's attributing of negative symptoms specifically to the Centralign stem and his choice to use a non-Centralign device as a replacement. Alternatively, the statement could be read as using the Centralign name incidentally, and not meant to indicate a direct correlation between the "Centralign stem" and Dr. Moeckel's choice for the revision. The ability of the Plaintiff to accurately cite contrary evidence, as called for in Local Rule 56(a)2, is severely handicapped by the ambiguous conflation of these factual assertions and the multiple interpretations as to what is actually

being asserted.

Furthermore, where the Plaintiffs attempted to explain the reason for the denials, the Defendants asserted that the Plaintiffs' statement was still non-conforming. This is demonstrated by the Defendant's objection to the several admissions in the Plaintiffs' 56(a)2 Statement, namely those in paragraphs 6, 9, 13, 15, 16, 17 and 18, as well as the denial in paragraph 19. (Def. Motion to Strike, at 5). The Defendant claims that these averments are unresponsive and should be stricken. Id.. The Plaintiffs' averments to these statements are, however, instigated by the ambiguous language of the Defendant's assertions. To illustrate, Paragraph Six of Defendants' Statement reads:

> Dr. Moeckel performed total hip replacement surgery on Mrs. Bogdan's right hip on October 6, 1994. He implanted a Zimmer Centralign hip prothesis (Centralign) in Mrs. Bogdan.

(Def. Statement ¶6). The Plaintiffs responded to this statement by noting that Ms. Bogdan had no knowledge at that time as to the identity of the manufacturer. (Pl.'s Statement ¶ 6). This response should not be stricken as it reflects the knowledge of the Plaintiffs at the time of the implementation.

The Plaintiffs cannot provide simple admissions to statements of facts that call upon the knowledge of other individual. Indeed, every averment by the

Plaintiffs speak to the genuine issue of fact in dispute in this case, namely when actionable harm was suffered. Without a clear understanding of exactly what facts the Defendants are asserting, the Plaintiffs are left with no choice but to provide precise explanations as to what is or is not being admitted or denied. Therefore, these averments should not be stricken.

### C. The Disputed Fact Statements Submitted In The Defendants' Local Rule 56(a)1 Statement Should Not Be Deemed Admitted Because They Are Not Properly Supported By The Evidence.

Even if the Court finds that the Plaintiffs' Statement does not conform to the mandates of Local Rule 56(a), the facts, as asserted in the Defendants' 56(a)1 Statement, should not be admitted because they are not supported by the evidence. "All material facts set forth in said statement [56(a)1] **and supported by the evidence** will be deemed admitted unless controverted by the statement required to be filed by the opposing party in accordance with Local Rule 56(a)2." D. Conn. L. Civ. R. 56(a)1 (emphasis added). The Second Circuit has made it clear that if the moving party's evidence does not satisfy the burden of production, "then summary judgment must be denied even if no opposition evidentiary matter is presented." . Fedor v. Kudrak, 421 F.Supp.2d 473, 478 (D.Conn 2006); quoting, Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,

373 F3d 241, 244 (2d Cir. 2004).

In this case, the Defendant seeks to have paragraph 33, which provides:

> Dr. Moeckel attributed these negative symptoms to the Centralign stem and he therefore recommended to Mrs. Bogdan that she have the stem removed and replaced with another device.

(supra) admitted because it has not been controverted by a specific citation. (Def. Mot. to Strike, at 4). The Plaintiffs assert, in response, that this fact should not be admitted because it is not supported by the evidence presented by the Defendant.

In paragraph 33 the Defendant asserts that the reason Dr. Moeckel chose a different device for the revision surgery was because he attributed the negative symptoms to the Centralign stem and didn't want to use that device again. In support of their assertion the Defendants' cite the deposition of Dr. Moeckel (p. 62 ll. 14-22; p.63 l.17 - p.65 l. 25). In fact, the citations that the Defendant's use in support of their statement contradict their assertion. Dr. Moeckel's testimony reveals that his attributing the negative symptoms to the Centralign stem had no bearing on the choice to use a different device. His choice to use a different stem was based on accepted medical procedure. In that regard, Dr. Moeckel testified:

> …most of these cemented stems that needed to be revised most people now try to revise them to a cementless system with the theory being that if a cemented stem has failed it is better to kind of change gears and go to an uncemented system.

(Deposition of Dr. Bruce H. Moeckel M.D., p. 65 ll. 15-20).  It is clear form his testimony that the problems with the Centralign product played no role in his choice of prothesis in the revision surgery.  Since the evidentiary citation provided does not support the factual assertion, the fact should not be admitted.

Similarly, the Defendant contends that Paragraph 38 of the 56(a)1 Statement is refuted by an unrelated citation by the Plaintiffs. (Def. Mot. to Strike, at 4).   This assertion by the Defendant is not, however, supported properly by the citation provided.  Paragraph 38 provides:

> Ms. Bogdan believed the Centralign was faulty solely because it loosened and needed to be replaced so soon after it was installed

(Def. Statement ¶ 38).  In support of this paragraph, the Defendant cites the Plaintiff, Stacia Bogdan's, deposition testimony:

> Q.  Because it loosened and needed to be replaced so quickly?
> A.  Yeah
> Q.  Anything else other than that?
> A.  No.

(Deposition of Stacia Bogdan, p. 26 ll. 20-24.)

This citation is misleading as the Defendant omitted the preceding lines, in which the Plaintiffs made it clear that Ms. Bogdan's answer was predicated on information she knows <u>now</u> rather than what she knew <u>then</u>. Thus, when the Defendant's citation is examined in the proper context, it does not support the factual assertion of Paragraph 38.

For example, at her deposition, Ms. Bogdan was asked what she believes "as you sit here today [October 30, 2002]". In other words, she was being asked to assess the situation, as she perceives it, retrospectively, with full knowledge of all that had transpired up to October 30, 2002. The factual assertion of Paragraph 38 makes no reference to the time period of the Plaintiffs' knowledge, and therefore confusingly implies that the Plaintiff had formed a belief that her implant was faulty much earlier than she had. As such, it was necessary for the Plaintiffs to provide explanations in their responses. Thus, their Local Rule 56(a)2 Statement should not be stricken.

    **D.**    **Even If All Facts Asserted In The Defendants' Local Rule 56(a)1 Statement Are Deemed Admitted, The Defendants' Motion For Summary Judgment Should Still Be Denied Based On The Entire Record.**

The Defendants assert that the Court should strike the Plaintiffs' 56(a)2 Statement and grant the Defendant's motion for Summary Judgment. (Def. Mot. to Strike, at 8). Even if the factual assertions of the Defendant are deemed to be admitted, the Court should still deny the Defendant's motion for summary judgment on the merits of the case, viewing all the facts in light most favorable to the Plaintiffs. Tyson v. Willauer, 289 F.Supp.2d 190, 194 (D. Conn 2003.) (admitting facts based on a faulty 56(a)2 Statement, but declaring that all facts would be viewed in the light most favorable to the plaintiff, with all reasonable inferences drawn in favor of the plaintiff.); Coger v. Connecticut, 309 F.Supp.2d 274, 277-78 (D. Conn. 2004) (refusing to grant summary judgment based on failure to file a 56(a)2 statement, stating, "in the interests of judicial fairness, this Court will consider the issues in this case and decide the case on the merits."; Jackson v. Norwalk Bd. of Educ., 2004 WL 2472223, *1 FN 3 (D.Conn. 2004.) ("Despite counsel's error in this regard [non-compliant 56(a)2 Statement], the court will adjudicate the motion on its merits so that the plaintiff be fully heard on her claims".)

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c) summary judgment is appropriate when "**the record taken as a whole** could not lead a rational trier of fact to find for the non-moving party." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 69, 89 L.Ed.2d 538, 106 S.Ct. 1348 (1986). (emphasis added).

      The Plaintiffs, in their Objection to Defendant Zimmer, Inc.'s Motion for Summary Judgment, dated May 17, 2006, have set forth multiple affidavits and citations to deposition testimony that demonstrate the existence of a genuine issue of material fact.

      The Defendant also claims that the Plaintiffs' Genuine Issues of Material Fact section of their 56(a)2 statement does not conform to the accepted standards of Local Rule 56 because the issue are stated in the form of a question. (Def. Motion to Strike, at 6.) The rule states that a 56(a)2 statement must include " a list of each issue as to which it is contended that there is a genuine issue to be tried." D. Conn. L. Civ. R. 56(a)2. Nowhere in the rule does it state either that the list of issues may not be stated in the form of a question, or conversely that they must be in statement form. Whether the issues are

presented as a question, or have their grammatic structure altered slightly to form an affirmative statement, is irrelevant to the core of the disputed issue.

Indeed, the standard for the granting or denial of summary judgment is based on whether there exist any questions of fact in dispute. Golden v. Johnson Memorial Hosp., Inc., 66 Conn.App. 518, 785 A.2d 234, citing; Witt v. St. Vincent's Medical Center, 252 Conn. at 376, 746 A.2d 753. (finding summary judgment improper where "question of material fact" existed as to whether a pathologist's duty to warn breached the physician-patient relationship.); LaFond v. General Physics Services Corp, 50 F.3d 165, 176 (Conn. App. 2001.) (finding summary judgment improper where question of material fact existed as to whether a plaintiff acted in good faith in seeking the protection under a discrimination case involving retaliatory discharge.)

In this case, the Plaintiffs have set out the genuine issues of material fact in issue, as required by Local Rule 56(a)2. To ignore these issues simply because they are not presented in the form of an affirmative statement would seem to constitute an extreme example of placing form above substance.

VI.     **CONCLUSION**

For the foregoing reasons, the Plaintiffs respectfully request that the Court

deny the Defendant's Motion to Strike Plaintiffs' Local Rule 56(a)2 Statement, and allow the Plaintiffs to file a supplemental 56(a)2 for the edification of all concerned.

By_____/s/_____
Tracy L. Poppe
**THE REARDON LAW FIRM, P.C.**
160 Hempstead Street
New London, CT 06320
Phone: 860-442-0444
Fax: 860-444-6445
Email: reardonlaw@aol.com
Federal Bar No. ct26272

**Certificate of Service**

      I hereby certify that on July 7, 2006, a copy of the foregoing Memorandum of Law in Opposition to Defendant Zimmer, Inc.'s Motion to Strike Plaintiffs' Local Rule 56(a)2 Statement was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Albert J. Dahm, Esq.
Dahm & Elvin
9604 Coldwater Rd., Suite 201
Fort Wayne, IN 46825
Phone: 260-497-6000
Fax: 260-497-6019
Email: bert.dahm@dahmelvin.com

Francis H. Morrison, III, Esq.
Day, Berry & Howard
Cityplace
Hartford, CT 06103-3499
Phone: 860-275-0231
Fax: 860-275-0343
Email: fhmorrison@dbh.com

                                                  /s/
                                      Tracy L. Poppe  ct26272
                                      **THE REARDON LAW FIRM, P.C.**
                                      160 Hempstead Street
                                      New London, CT  06320
                                      Phone: 860-442-0444
                                      Fax: 860-444-6445
                                      Email: reardonlaw@aol.com