UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STACIA S. BOGDAN and FRANK BOGDAN, | : | CIVIL ACTION NO: 3:02CV637 (JCH) |
| Plaintiffs, | : | |
| v. | : | |
| ZIMMER, INC., | : | |
| Defendant. | : | JULY 21, 2006 |

**ZIMMER, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT**

Defendant Zimmer, Inc. ("Zimmer"), respectfully submits this reply in support of its motion to strike the untimely and defective Local Rule 56(a)2 Statement of Plaintiffs Stacia S. Bogdan and Frank Bogdan.

**INTRODUCTION**

Plaintiffs admit that they failed to comply with the requirements of Local Rule 56. They argue, however, that the Court should accept and consider their late-filed and incomplete Rule 56(a)2 Statement because courts in other federal districts have done so. But this Court has repeatedly rejected late-filed Rule 56(a)2 Statements and deemed the facts in the movant's Rule 56(a)1 Statement admitted. The Court should follow its own precedent and strike Plaintiffs Rule 56(a)2 Statement, deem admitted the facts in Zimmer's Rule 56(a)1 Statement and grant summary judgment in Zimmer's favor.

**ARGUMENT**

I.  **The Court Should Strike Plaintiffs' Untimely Rule 56(a)2 Statement.**

In its opening memorandum, Zimmer established that where a party opposing summary judgment fails to file a Rule 56(a)2 Statement, all facts in the moving party's Rule 56(a)1

Statement are deemed admitted for purposes of the summary judgment motion. *Secs. & Exch. Comm'n v. Global Telecom Servs. L.L.C.*, 325 F. Supp. 2d 94, 109 (D. Conn. 2004) (deeming facts admitted where opponent filed responsive brief but no Local Rule 56(a)2 Statement). In response, Plaintiffs argue that the Court should consider their late-filed Rule 56(a)2 Statement because courts in other districts have done so and because they believe Zimmer has not been prejudiced by their late filing. Plaintiffs, however, are incorrect.

Courts in this district have on at least two occasions refused to consider Rule 56(a)2 Statements that were filed after the memoranda with which they should have been included. In a situation almost identical to the one presented in this case, Judge Goettel rejected a Rule 56(a)2 Statement, portions of which were filed after the defendants pointed out in their summary judgment reply brief the plaintiffs' failure to comply with the rules. *Tyson v. Willauer*, 289 F. Supp. 2d 190, 193-94 (D. Conn. 2003). There, the defendants moved for summary judgment, submitting a proper Rule 56(a)1 Statement. *Id.* at 193. The plaintiffs responded with a Rule 56(a)2 Statement that addressed only 10 of the 80 numbered paragraphs in the defendants' statement. *Id.* Moreover, the plaintiffs provided no citation to record evidence to support their denials. *Id.* After the defendants pointed out in their reply brief the deficiencies in the plaintiffs' statement, the plaintiffs submitted without leave of court an amended Rule 56(a)2 Statement providing citations to affidavits and addressing the remaining facts alleged in the defendants' statement. *Id.* at 193-94. The Court refused to consider the untimely filed amended statement and deemed all facts in the defendants' statement admitted, holding:

> Local Rule 56(a)1 states in unequivocal terms that "[a]ll material facts set forth in [the Local Rule 56(a)1] statement will be deemed admitted unless controverted by the statement required to be served by the opposing party in accordance with rule 56(a)2." In accordance with this Rule, this Court has repeatedly held that the opposing party's failure to submit a timely Local Rule 56(a)2

> Statement will result in the court's deeming admitted all facts set forth in the moving party's Local Rule 56(a)1 Statement. *See, e.g., Booze v. Shawmut Bank*, 62 F.Supp.2d 593, 595 (D. Conn. 1999); *Trzaskos v. St. Jacques,* 39 F.Supp.2d 177, 178 (D. Conn. 1999). Likewise, we will deem admitted for purposes of this motion all facts set forth in Defendants' Local Rule 56(a)1 Statement.

*Id.*

Likewise, in *Booze v. Shawmut Bank*, Judge Eginton refused to consider a late-filed Rule 56(a)2 Statement, holding:

> Plaintiff did not file an alleged "statement of facts" until after a significant and extended period after which it should have been filed had passed. More telling, the document does not comply with the requirements of Local Rule 9(c)(2). Accordingly, the Court will not consider that document in issuing this Ruling.

62 F. Supp. 2d 593, 594 n.2 (D. Conn. 1999).

In the face of the decisions of this Court, Plaintiffs' reliance on decisions from other district courts interpreting their own local rules, such as *Grabowski v. Bank of Boston*, 997 F. Supp. 111 (D. Mass. 1997) and *Gullock v. Spectrum Sciences & Software, Inc.*, 146 F. Supp. 2d 1364 (M.D. Ga. 2001), are not instructive. Further, although Plaintiffs argue at length that the Court should consider their late-filed Rule 56(a)2 Statement because Zimmer has not been prejudiced, Plaintiffs cite to no case from this district that analyzes the failure to comply with Local Rule 56 in terms of whether the opposing party has been prejudiced. The cases in this district are clear that failure to comply, without more, is a sufficient basis to disregard Plaintiffs' statement. *See Tyson*, 289 F. Supp. 2d at 193-94; *Booze,* 62 F. Supp. 2d at 594 n.2.

Even if this Court were inclined to adopt the Middle District of Georgia's one sentence statement regarding prejudice to the opposing party, which it should not, Zimmer has established prejudice. By waiting until Zimmer filed its reply brief to submit a Rule 56(a)2 Statement, Plaintiffs deprived Zimmer of the opportunity to properly address the issues of disputed fact

3

identified by Plaintiffs.  Plaintiffs gave themselves the last word on summary judgment, having the full benefit of reading Zimmer's arguments and knowing Zimmer would have to seek leave of Court to reply.  Zimmer has been prejudiced.

Plaintiffs also request leave to file a "supplemental" Rule 56(a)2 Statement to correct the admitted errors in their first submission.  They rely on *Memphis Publishing Co. v. Newspaper Guild of Memphis*, No. 04-2620 B/P, 2005 WL 3263878 (W.D. Tenn. Nov. 30, 2005) to support their request.  However, the fact that this Court repeatedly has rejected late-filed Rule 56(a)2 Statements and has deemed admitted factual allegations that are not properly disputed militates against granting Plaintiffs' request.  If Plaintiffs could cure their failure to comply with the rule simply by seeking leave to file a supplemental statement, the rule would have no meaning.  This Court should not accept Plaintiffs' invitation to undo the rulings of *Tyson* and *Booze* by allowing Plaintiffs' untimely submission in through the back door.[1]

## II.    Plaintiffs Should Have Raised Any Alleged Confusion or Ambiguity Regarding Zimmer's Rule 56(a)1 Statement in a Properly Filed Rule 56(a)2 Statement.

In its opening memorandum, Zimmer established that this Court has repeatedly deemed admitted allegations in a Rule 56(a)1 to which the opposing party does not properly respond. *Knight v. Hartford Police Dept.*, No. 3:04CV969(PCD), 2006 WL 1438649, at *4-5 (D. Conn. May 22, 2006) (deeming admitted facts in Rule 56(a)1 Statement because plaintiff failed to provide specific citations to record evidence in support of denials); *George v. United States Postal Serv.*, No. 3:04CV1073, 2006 WL 798924, at *1 n.2 (D. Conn. Mar. 28, 2006) (deeming admitted facts in Rule 56(a)1 Statement where cited deposition testimony did not support the

---

[1] Plaintiffs also argue their failure to comply with Local Rule 56 should be excused because they are simply attempting to "assist the Court in having a fully developed record by which to determine the genuine issues of fact disputed by the parties." (Resp. at 6.)  If that were true, Plaintiffs would have properly complied with the Rule.  As it now stands, Plaintiffs are attempting to save themselves from their own admitted "inadvertence" – nothing more.

plaintiff's denial); *Vines v. Callahan*, 352 F. Supp. 2d 211, 212 n.1 (D. Conn. 2005) (deeming admitted facts in Rule 56(a)1 Statement because plaintiff failed to provide a complete Local Rule 56(a)2 Statement).

Plaintiffs admit they failed to properly respond to Zimmer's Rule 56(a)1 Statement in all of the foregoing ways. In addition to asking the Court to allow them to file a supplemental statement, Plaintiffs, without citation to authority, argue the Court should excuse that failure because Zimmer's factual assertions are "non-conforming." In particular, Plaintiffs complain that Zimmer included more than a single factual assertion in some of the paragraphs of its Rule 56(a)1 Statement. They argue that those statements are therefore confusing and for that reason they were incapable of responding to those statements. But their response to Zimmer's Motion is not the proper place to register those objections. The objections should have been raised in a properly filed Rule 56(a)2 Statement. Plaintiffs' recent realization that Zimmer's statements were somehow confusing is nothing more than a post hoc rationalization for their failure to comply with the rules.

### III.   Plaintiffs' Two Questions Do Not Satisfy the Requirement that They Identify Material Issues of Disputed Fact.

As Zimmer established in its opening memorandum, this Court has held that questions of the type offered by Plaintiffs in their purported Statement of Disputed Issues of Fact are not sufficient to comply with the requirements of Rule 56(a)2. *See Scianna v. McGuire*, Civ. No. 3:94CV761(AHN), 1996 WL 684400, at *1 (D. Conn. Mar. 21, 1996) (refusing to consider purported list of material issues of fact submitted by plaintiff where statement consisted of a series of questions). Without addressing the holding in *Scianna*, and without citing any contrary authority, Plaintiffs argue that their inclusion of two questions in their Rule 56(a)2 Statement properly identified disputed issues of material fact. Plaintiffs' discussion of grammatical

5

structure, however, is not sufficient to overcome the holding in *Scianna*. The Court should strike and disregard Plaintiffs' purported statement of issues on which there is a material dispute of fact.

IV.    **Zimmer's Statements of Fact are Supported by the Evidence.**

Plaintiffs further attempt to avoid the consequences of their failure to comply with Local Rule 56 by arguing that certain statements of fact in Zimmer's Rule 56(a)1 Statement are not properly supported by the cited evidence. To begin with, if Plaintiffs believed that Zimmer's cited evidence did not support the alleged statements of fact, the place to raise that issue was in their late-filed response.

Even so, the statements about which Plaintiffs complain will not bear the strained reading they are attempting to impose on them. The facts asserted by Zimmer are properly drawn from the cited record evidence.

Plaintiffs first complain about Zimmer's paragraph 33, which states:

> Dr. Moeckel attributed these negative symptoms to the Centralign stem and he therefore recommended to Mrs. Bogdan that she have the stem removed and replaced with another device.

Plaintiffs argue that Zimmer is alleging Dr. Moeckel chose a device other than the Centralign for Ms. Bogdan's revision surgery because he attributed "these negative symptoms to the Centralign stem." (Resp. at 12.) They contend the cited deposition excerpts do not support the alleged conclusion about Dr. Moeckel's choice. (*Id.*) But there is no mention in paragraph 33 of how or why Dr. Moeckel chose the replacement stem he chose. And Zimmer was not attempting to imply any conclusion on that issue. Because the paragraph does not say what Plaintiffs attempt to read into it, the cited deposition excerpts do not refer to that issue.

Plaintiffs also complain about paragraph 38, arguing in essence that the citation (not the statement itself) is misleading because Zimmer did not cite the immediately preceding question and answer. (*Id.* at 13-14.) The essence of Plaintiffs' argument is that the preceding questions reveal that Ms. Bogdan was asked the series of questions prefaced with the statement "as you sit here today." But the statement in paragraph 38 is not attributed to any specific time. Therefore, the failure to cite the preceding question was not misleading. Again, Plaintiffs are attempting to read more into Zimmer's statements than is there. Moreover, the question Plaintiffs would like the Court to read appears in the deposition excerpts submitted by Zimmer. (Ex. B. to App. in Supp. of Zimmer's Mot. for Summ. J. and L.R. 56(a)1 Stmt., Dep. of Stacia Bogdan, p. 26 ll. 14-19.)

V.    **Should this Court Deem Zimmer's Facts Admitted, It Should Grant Summary Judgment in Zimmer's Favor.**

Plaintiffs finally argue that, if the Court rejects Plaintiffs' late filing and deems the facts in Zimmer's Rule 56(a)1 Statement admitted, the Court should examine Plaintiffs' brief in opposition to summary judgment and the documents attached to it to locate disputed issues of fact that warrant denying Zimmer's Motion. Plaintiffs also imply it would be improper for the Court to grant Zimmer's Motion for Summary Judgment as a sanction for failure to comply with Local Rule 56. Plaintiffs are wrong on both counts.

The plain language of L.R. 56(a)3 provides that the Court may as a sanction enter an order granting the motion for summary judgment. *See also Global Telecom*, 325 F. Supp. 2d at 109 (recognizing that entry of summary judgment is appropriate where plaintiff fails to properly submit a Rule 56(a)2 Statement). Accordingly, this Court has discretion to grant Zimmer's motion solely because Plaintiffs failed to comply with Local Rule 56. The Court should exercise that discretion.

Even if the Court decides not to exercise its discretion to grant summary judgment in Zimmer's favor, neither this Court's rules nor the cases cited by Plaintiffs require this Court to examine the record to identify disputed issues of material fact that were not properly presented by Plaintiffs.  Indeed, the primary purpose of Local Rule 56(a) is to prevent the Court from having to do just what Plaintiffs suggest:

> "The purpose of [Local] Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed." *Coger v. Connecticut,* 309 F. Supp. 2d 274, 277 (D. Conn. 2004).  Absent such a rule, "the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." *N.S. v. Stratford Bd. of Educ.*, 97 F. Supp. 2d 224, 227 (D. Conn. 2000).

*Global Telecom*, 325 F. Supp. 2d at 108.  Plaintiffs have offered no authority for the proposition that, having deemed facts admitted, the Court should look through the remainder of the Plaintiffs' filings to find disputes of fact – in essence undoing its ruling that deemed facts admitted in the first place.  Once facts are deemed admitted, they should be beyond dispute. Contrary to their argument, the cases cited by Plaintiffs hold only that a court should view the admitted facts in the light most favorable to the plaintiff.  *See Tyson*, 289 F. Supp. 2d at 194. That is a different issue entirely.  Accordingly, the Court should not attempt to locate disputed issues of fact in Plaintiffs' other filings.

## CONCLUSION

For the foregoing reasons and those stated in Zimmer's opening memorandum, the Court should strike the Bogdans' non-complying Local Rule 56(a)2 Statement, deem admitted the facts in Zimmer's Local Rule 56(a)1 Statement, and grant Zimmer's motion for summary judgment.

Dated:  July 21, 2006

Respectfully submitted,

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019
E-mail:  albert.dahm@dahmelvin.com

Francis H. Morrison, III (ct04200)
Robert E. Koosa (ct26191)
**DAY BERRY & HOWARD, LLP**
CityPlace I
Hartford, CT 06103-3499
Telephone:  (860) 275-0100
Facsimile:  (860) 275-0343
E-mail:   fhmorrison@dbh.com
              rekoosa@dbh.com

Attorneys for Defendant Zimmer, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2006 I electronically filed the foregoing **ZIMMER, INC.'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

>Robert I. Reardon, Jr.
>The Reardon Law Firm, P.C.
>160 Hempstead Street
>P.O. Drawer 1430
>New London, Connecticut  06320

I further certify that on [] I have mailed by United States Mail the document to the following non-CM/ECF participants:

>None

/s/     Albert J. Dahm
Albert J. Dahm (ct21710)
**DAHM & ELVIN, LLP**
9604 Coldwater Road, Suite 201
Fort Wayne, IN 46825
Telephone:  (260) 497-6000
Facsimile:  (260) 497-6019
E-mail:  albert.dahm@dahmelvin.com